Rer Curiam.

The words are expressly charged to have been spoken by the defendant in relation to the plaintiff, in his office of sheriff, and such is their natural import. They amount, to a Charge of m&l-pfactiee, and are, therefore, actionable.(a)
Rule refused.

 Words may be slanderous and actionable per se, because they are spoken of one in his office, profession, trade, or servitude. Steph. N. P. 2555, 2558. Davis v. Davis, 1 Nott & M’Cord’s R. 290. Ostrom v. Calkins, 5 Wend. 263. Chaddock v. Briggs, 13 Mass. R. 248. Bolss v. Tobey, 2 Pick. 320, 328. Some illustrations of the application of this doctrine, to judicial officers will be found supra, 130, ti. (a), to which add Hook v. Hackney, 16 Serg. & Rawle, 385; M’Guire v. Blaid, 2 Law Rep. 443. Thus to say of an attorney, “ he is more a lawyer than the devil Day v. Buller, 3 Wils. 59; or “he deserves to.be struck off the roll,” Phillips v. Jansen, 2 Esp. N. P. C. 624 ; or “ he is not a man of integrity, and is not to be trusted. He will.take fees on both sides of a cause,” Chipman v. Cook, 2 Tyler, R. 456; or to charge him with ignorance or want of skill, in general, Fodle v. Brown, 8 Johns. R. 64, 67, 68; or to charge, a counsellor at law with offering, him self.as a’witness in order to divulge the secrets of his clients, Riggs v. Denniston, infra, vol. 3, p. 198; is actionable. But to say of an attorney or counsellor, “he knows nothing about the suit; he will lead you on until he x. has undone you,” is not actionable without alleging special, damage, for the law only gives an action for" words.that,'charge ignorance or want of skill in general. .“ There is- not an instance in the books which we have met with, of á suit sustained for/words charging a professional man with ignorance in a particular case.” Per Curiam, in Foot v. Brown, ut sup. and see the authorities cited by Mitchell, arguendo, Foot v. Brown, was decided upoii. the authority of Poe v. Mendford, Cro. Eliz. 620, where the.defendant had charged the plaintiff with “ having killed a patient with physic and the,court. held, -that the words were not actionable, for the plaintiff might have done- it invo-, . luntafily, in not knowing "the disease, and that a physician might mistake a disease and apply wrong medicines without discredit. But in Sumner v. Utley, cited infra, Daggett; "Ch. J., says, this case, decided at a time when it *395 was the rule that words should be construed in mitiori sensu, is at least of doubtful authority.
So, to charge a clergyman with particular instances of drunkenness, M’Millen v. Birch, 1 Binney, 178; though the declaration contain no colloquium of his office or profession, Chaddock v. Briggs, 13 Mass. R. 248 ; or with being the father of a bastard child and that he desired the defendant “ to make away with it.” And the imputation of incontinency to a clergyman is actionable. Demurest v. Haring, 6 Cowen, 76.
So, to charge a physician with being “ so steady drunk that he cannot get business any more,” Anonymous, 1 Ham. 83, n.; or “ a damned rascal,” in a conversation concerning his professional skill, Brawn v. Mims, 2 Rep. Con. .Ct. 235 ; or falsely and maliciously to say of him in his profession, in reference to the case of a woman, whom he had assisted in parturition, and who had been delivered of twins, and soon afterwards the mother and both her-offspring died, the following words: “ He has killed three and ought to be hung; damn him. They all died through his mismanagement. I have understood he left the after-birth, and a man that would do that ought to be hung.” And on another occasion, “ he was the means of your sickness, by cutting an artery in your head. If Mr. H. had took him up for it, it would have cost .him $400. It ought to be put in the newspaper—are actionable though they impute no more than want of skill and good management in the particular case, and the jury can infer damage in his profession, as the natural and probable consequence of such words, though no special damage be laid. Sumner v. Utley, 7 Conn. R. 258. And see remarks of, Daggett, Ch. J. on the case of Foot v. Brown, ut sup. at 262. That words imputing general ignorance or want of skill in his profession, are actionable per se on the ground of presumed damage. See Bac. Abr. tit. Slander, B. Martyn v. Burlings, Cro. Eliz. 589. Watson v. Vanderlash, Hetley, 69. Tutley v. Alewin, 11 Mod. 221. Smith v. Taylor, 1 New. R. 196. Stark, on Slander, 100, 110, 115, 10, 12. Sumner v. Utley, ut sup.
So to say of a midwife “many have perished for her want of skill,” is actionable. Flower’s case, Cro. Car. 211.
So to say of a merchant that a debt will be lost, because he is unable to pay it, Mott v. Comstock, 7 Cowen, 654; or “ you keep false books and I can prove it Backus v. Richardson, 5 Johns. R. 476.
Or of a blacksmith in relation to his business and trade, “ he keeps false books, and I can prove it.” Burtch v. Nickerson, 17 Johns. R. 217.
Or of a drover, “ he is a bankrupt and is not able to pay his just debts.” Lewis v. Hawley, 2 Day, 495.
Or of a corn vender, “ you are a rogue and a swindling rascal; you delivered me 100 bushels of oats, worse by 6d. a bushel, than I bargained for.” Thomas v. Jackson, 3 Bing. 104. 10 Moore, 425.
Or of a wool comber, “ he is a bankrupt, he is not worth a penny, and will run away.” Anon. Loiit, 322.
Or of an inn-keeper, “ he is a bankrupt; he will be in the gazette in a twelvemonth; he is a pauper,” though he was not liable to tire bankrupt *396 laws. Whitaker v. Bradley, 7 D. & R. 649. S. C. nom. Whittingdon v. Gladwin, 5 B. & C. 180. 2 C. & P. 146.
Or of a brewer, “I will bet 51. to 1!. that Mr. J., (the plaintiff,) was in a sponging house for debt, within the last fortnight, and I can produce the man who locked him up; the man told me so himself,” and in answer to the following question from a bystander. “ Do you meairto Say, that Mr. J., brewer of Rose Hill, has been to a- sponging house within this last fortnight for debt ?” “ Yes I do.” Jones v. Littler, 7 M. & W. 4231 So to publish that a brewer and malster uses filthy and disgusting water in the malting of grains for brewing, White v. Delavan, 17 Wend. 49; is actionable without proof of special .damage.
I.t is a general rule that, “ words not actionable in themselves, are not actionable when spoken of one in an office, profession, or trade, vnless.they touch him in his office,” &c. Com. Dig. Act. oh the case for Defamation, D. 27 : and per Lord Denman, in Doyley v. Roberts, cited infra. “ It is not enough that the words may tend to injure him in his office or calling, unless they are spoken of him in his official or business character,” Per Bronson, Cth J., in Van Tassel v. Capron, 1 Denio, 250,252. Thus words imputing Weakness of understanding to a candidate for congress, are not actionable, Mayrant v. Richardson, 1 Nott & M’Cord's R. 347; nor is it actionable, per se to hay of a member of the legislature in reference to the future discharge of his functions, that “ he is a corrupt old tory,” Hogg v. Dorrah, 2 Port. 212 ; such Words to be actionable must have been spoken in reference to past conduct. Id. Nor is it actionable td say of a justice, “ Squire Oakley is a damned bid rogue,” supra, p. 129 ; nor “ there Id a combined company here to cheat strangei'd. and Squire Van Tassel has a hand in it. K. A., J. G. and Squire Van Tassel, are a set of damned black-legs,” Van Tassel v. Capron, ut supra; the word “ squire” being used in each instance as a descriptio persona, and not in allusion to the official character of the. plaintiffs.
So it is not actionable to say -of an attorney “ he has defrauded his credU tors, and has been horsewhipped off the course at Doncaster,” the jury hhv-' ing found that the words were not spoken of him in 'his business of attor*. ney, Doyley v. Roberts, 2 Bing. N. C. 835; and words spoken of a tradesman, imputing to him that his trade is maintained by the prostitution of a female employed by him, were held not' to be actionable, (although laid to be spoken of him in his trade,) unless they could be construed as imputing to him that he kept a bawdy house: Lord Abinger, Observing : “ Wé cannot consider the words as used in any other sense than as a general im putation on his moral conduct. ’ Brayne v. Cooper, 5 M. & W. 249. The casesjn which it has been held, that an action lies for words reflecting disgrace on a man in his trade or profession, may be divided into three classes: 1.' Where the words charge the person with a want of fidelity or integrity, in his trade .or profession generally. 2. Where the words charge a person .with dishonesty, corruption, or want.of integrity in a particular case. 3. Where the words impute ignorance or want of skill in general terms. Per Mitchell, arguendo, 8 Johns. R. 66. But see Sumner v. Vtley ut sup. Where words, as in the cases put, derive their actionable quality only by relation to some extrinsic *397 fact, as the office or occupation of the party, it is necessary as a general rule to state that fact by way of inducement, and then aver distinctly that the discourse was of and concerning that fact. Fowle v. Robbins, 12 Mass. R. 498. Bloss v. Tobey, ut supra. Carter v. Andrews, 16 Pick. 1. See also, Commonwealth v. Child, 13 id. 198. The Same v. Snelling, 15 id. 321. Nor will the want of such averment be aided by verdict; Carter v. Andrews, ut supra. But see Fowle v. Robbins, ut supra. Nye v. Otis, 8 Mass. R. 122. And if words not in themselves actionable, are sued upon and no colloquium, is alleged or proved to make them actionable, a nonsuit will be ordered, Ashbell v. Wilt, 2 Nott & M’Cord’s R. 364; for a colloquium is necessary to point them to the .object, to which they relate; but it is not indispensible that the colloquium should precede the statement of the words. Stanley v. Brit, Mart. & Yerg. 222. But where the declaration alleged that the defendant, “ with intention' to injure the reputation of the plaintiff as a merchant, falsely and maliciously spoke of him, then being a merchant, the following words.” No colloquium was laid. It was held, after verdict for the plaintiff, that judgment should not be arrested. Hoyle v. Young, 1 Wash. 150. In an action for slander for charging a blacksmith with keeping false books, the declaration stated that the plaintiff, at the time of publishing the slanderous words, was, and long before had been, a blacksmith, and carried on the business and trade of a blacksmith honestly, and found and provided all such iron as was necessary and required of him, .in his business ; and made correct charges, and had always kept honest, true, and faithful accounts with all persons relating to his trade, &c. Yet the defendant, in order to injure -the plaintiff in his business, and to cause to be believed, &e., in a certain discourse of and concerning the plaintiff in his said business, spoke and published the following words, &e. Held, that the declaration was sufficient, without a more special averment that there was a discourse of and concerning the plaintiff’s trade, and that the words were spoken of his trade. Burtch v. Nickerson, 17 Johns. R. 217. And when, in slander, the declaration stated that the plaintiff Was a justice of the péace, and that the defendant, meaning to injure and expose him-to prosecution for corruption, &c., in a certain discourse, &e., said of the plaintiff. in his office of a justice, “ L. (meaning the plaintiff) had been feed by A., (meaning A. who had a cause pending and determined before the plaintiff,) and that he (the defendant) could do nothing when the magistrate was in that way against him, (the defendant.”) On a motion in arrest of judgment, this declaration was held sufficient. Lindsey v. Smith, 7 Johns. R. 359.