JAMES O'SHAUGHNESSY, Appellant, v. THE MORNING JOURNAL ASSOCIATION, Respondent.

*Action for libel — repetition of injurious words as spoken by another — what constitutes a libel.*

The repetition of injurious words as having been spoken by another is a libelous publication, as much so, if maliciously published, as if the direct charge had been made.

In an action to recover damages for the publication of an alleged libel, the complaint sets forth an article published by the defendant to the effect that the plaintiff, a detective officer, joined in the pursuit of an escaped prisoner, and, upon the prisoner's capture, struck him with such force that he dropped like a log, and was handcuffed before he recovered, and douched with cold water; that the spectators cried shame and called the plaintiff a big brute; that there was no sufficient cause for such rough treatment, and that the capture could have been made without such a free use of the officer's fists; which publication was charged to be false and to have been maliciously published and composed by the defendant of and concerning the plaintiff.

Upon the trial the plaintiff's complaint was dismissed on the ground that the article was not libelous even if it was false and was published maliciously.

*Held,* error; that the facts alleged in the complaint, if false and published maliciously, constituted a libel.

APPEAL by the plaintiff, James O'Shaughnessy, from an order of the Supreme Court dismissing plaintiff's complaint, made on the 7th day of March, 1893, at the Kings County Circuit, and entered in the office of the clerk of the county of Kings.

The action was brought to recover damages for an alleged libelous article published in defendant's newspaper. Upon the trial, before the plaintiff had opened his case, the defendant's attorney moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which motion was granted.

*Chas. J. Patterson,* for the appellant.

*B. F. Einstein* and *Henry Yonge,* for the respondent.

BARNARD, P. J.:

The complaint set forth an article published by the defendant of and concerning the plaintiff, which was sufficient to carry the case to the jury. The charge in the article is to the effect that the plaintiff, a detective officer, joined in the pursuit of an escaped prisoner in Brooklyn. That the plaintiff, upon the capture of the prisoner, struck him with such force that he dropped like a log and was handcuffed before he recovered, and douched with cold water. That the spectators cried shame and called the plaintiff a big brute. That there was no sufficient occasion for this rough treatment. That the captured prisoner was tossed bodily into a van. That the capture could have been made without such a free use of the officer's fists. This is charged to be false and to have been maliciously published and composed by the defendant of and concerning the plaintiff. For the purposes of this appeal the publication must be assumed because the complaint was dismissed because the article was not libelous even if it was false and was published maliciously. If false and if it was maliciously published, is it libelous? We entertain no doubt but that it was a libel. The words hold up the plaintiff to obloquy and contempt. They reflect upon the plaintiff's business and his management of it. The charge of being a brute in his business is in legal effect directly charged and published because the repetition of injurious words as having been spoken by another,

is a libelous publication as much so if maliciously published as if the direct charge had been made.

The exceptions should be sustained and a new trial granted, costs to abide the event.

DYKMAN, J., concurred; PRATT, J., not sitting.

Exceptions sustained, and judgment reversed, and new **trial** granted, costs to abide event.