(109 App. Div. 489)

FLAHERTY v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, First Department.    December 8, 1905.)

LIBEL—WORDS TENDING TO INJURE VOCATION.

> Where a publication involves a charge that plaintiff refused to perform the obligations assumed by her as janitress, disregarded her employer's interest, and used his property, and plaintiff alleges that her occupation was that of janitress, unless defendant showed a lawful excuse, she was entitled to recover, without allegation of special damages, and the case was for the jury.
>
> [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 96.]
>
> Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Sarah Jane Flaherty against the New York Times Company. From a judgment dismissing the complaint on a trial before a jury, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-HAM, LAUGHLIN, and HOUGHTON, JJ.

Howard E. Bayne, for appellant.
Alfred A. Cook, for respondent.

INGRAHAM, J.· The action is to recover damages for a libel published by the defendant, a newspaper in the city of New York. The court dismissed the complaint upon the ground that the article published was not libelous per se, and from the judgment entered thereon the plaintiff appeals. The article in question states the relations that existed between the plaintiff, who had been employed as janitress, and the landlord of certain premises in the city of New York, with an account of certain proceedings to dispossess the plaintiff and her husband from such premises, which had been decided against the landlord. It was stated that a reporter acting for the defendant had obtained statements of the tenant and his wife and of the landlord, which were published. The article was evidently intended as an account of a somewhat peculiar dispute between the owner of the property and a person whom he had employed to act as janitor of his buidling, and who had thus obtained possession of some rooms in the building. In general, the plaintiff and her husband were charged with standing out for their legal rights, and that they had been sustained by the Municipal Court in proceedings to dispossess them. It is quite evident that the publication did the plaintiff no substantial injury, and we do not think that the time of the courts should be taken up with actions of this character, where the publication caused no real injury.

In view, however, of what has been said in several late cases by the Court of Appeals, the court erred in dismissing the complaint, because in the light of those decisions we cannot say that this publication was not libelous per se. The article states that "the ῾lahertys are snugly ensconced in the basement behind barred doors, and have control of the gas and hot water for the entire building." The landlord was then interviewed and stated that:

"Last August, while me and my wife was living in Bedford street, she took the Flahertys into this house—Mrs. Flaherty to act as janitor—took them in off the street, mind you, for they's just been thrown out of another house."

Then, after speaking of the various proceedings which he had taken to dispossess the Flahertys and in which he had been defeated, he said:

"We tried once more last week, and the judge dismissed the case. What are we to do? They are barred in, using my coal and furniture, and not even paying a cent rent. Flaherty is keeping the hot water shut off from us, and there they are a-revelling in hot water, and my lodgers leaving for the want of it."

An account of the Flahertys' side of the controversy was then published. The general effect of the charge is the plaintiff was employed as janitress, and as such obtained possession of the premises; that she had refused to perform the duties of janitress, barricaded the rooms so that the landlord could not get access to them, shut off the gas and water from the rest of the building, and was using the landlord's coal to supply herself with hot water, against the wishes of

the landlord. There is involved in the publication a charge that plaintiff refused to perform the obligations assumed by her on the employment as janitress, a disregard of the employer's interest, and using the employer's property ; and this, we think, implies reproach, scandal, or ridicule, and reflected disgracefully upon her character. Morrison v. Smith, 177 N. Y. 368, 69 N. E. 725. The plaintiff alleges that her occupation was that of janitress of the building, and such a publication would tend to prevent her from obtaining a similar situation, and therefore comes within the general rule that:

"Whatever words have a tendency to hurt, or are calculated to prejudice, a man who seeks his livelihood by any trade or business, are actionable. When proved to have been spoken in relation thereto, the action is supported; and, unless the defendant shows a lawful excuse, the plaintiff is entitled to recover, without allegation or proof of special damage, because both the falsity of the words and resulting damage are presumed." Morrison v. Smith, supra; Triggs v. Sun Publishing Ass'n, 179 N. Y. 144, 71 N. E. 739, 66 L. R. A. 612, 103 Am. St. Rep. 841.

I think, therefore, that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except HOUGHTON, J., who dissents.