(63 Misc. Rep. 578.)

## CHURCH v. NEW YORK TRIBUNE ASS'N.

(Supreme Court, Special Term, New York County. June, 1909.)

1. LIBEL AND SLANDER (§ 10*)—HOLDING PUBLIC OFFICIAL UP TO REPROACH.
A publication in a newspaper, fairly susceptible of the meaning that plaintiff, a public official, was guilty of shirking his duties and disregarding the same, holds him up to reproach and ridicule, and is libelous per se.
[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 41, 91–96; Dec. Dig. § 10.*]

2. LIBEL AND SLANDER (§ 123*)—QUESTION FOR JURY.
Where a published article is susceptible of several meanings, one of which is libelous, whether or not the article was libelous is for the jury.
[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]

Action by Thomas Church against the New York Tribune Association. Demurrer to complaint overruled.

Rogers & Rogers, for plaintiff.
Henry W. Sackett, for defendant.

GREENBAUM, J. It is alleged that libelous matter concerning the plaintiff, a clerk of the city magistrate's court of the city of New York, was published by the defendant in the New York Tribune, a newspaper. The headline of the article complained of is as follows:

"Clerks Hold Up Court. Magistrate and Prisoners Wait While Clerks Take Holiday."

The article, after describing the exasperation of the magistrate, purports to quote the comment of the magistrate, thus:

"I do not consider such a condition of affairs a trifling delinquency by any means. Here we are again to-day without any help at all, and no word to explain the absence of these men. It is only fair to say, in regard to the chief clerk, that while burying his mother yesterday his wife died, and, under these circumstances, I did not expect him to be here. I cannot understand in the least, however, where the other clerks are. The safe is locked, and no one knows the combination, and it is impossible to obtain the examination papers."

The article continues:

"None of the regular clerks appeared while court was in session, and the reason for their absence remains unexplained. * * * The missing men were ——, ——, Thomas Church (referring to the plaintiff). * * * The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whereabouts of the different men will be investigated by the board of magistrates at its next meeting."

The article on its face is fairly susceptible of the meaning that the plaintiff was guilty of shirking his duties as a public official and disregarding the obligations assumed by him. It reflects disgracefully upon his character, and holds him up to reproach, scandal, and ridicule. The defendant contends that the article refers to the absence of the plaintiff as clerk of the court only upon a particular occasion, and that such a statement does not carry with it the implication that he was generally careless or incompetent in the discharge of his duties. Townshend on Slander and Libel (4th Ed.) § 194, is relied on, to the effect that:

"It is not actionable to charge one in a business or profession with want of skill or ignorance in a particular transaction (citing Foot v. Brown, 8 Johns. 64)."

The doctrine in Foot v. Brown was discussed at length in the later case of Secor v. Harris, 18 Barb. 425, and the principle contended for declared unsound. In the comparatively recent case of Flaherty v. New York Times Co., 109 App. Div. 489, 96 N. Y. Supp. 381, the publication complained of referred to a single instance in which a janitress was charged as having disregarded the interests of her employer, yet the court held that the article was libelous per se. It may be also said that, in the article here complained of, the absence was not referred to as an isolated instance, but as a repetition of a previous neglect of duty. This inference is deducible from the words:

"Here we are again to-day without any help at all, and no word of explanation."

It is well settled that, if an article is susceptible of two or more meanings, one of which is libelous, it becomes a question of fact for the jury to determine whether or not the article is libelous. In such a case a demurrer cannot be successfully interposed. Gallagher v. Bryant, 44 App. Div. 527, 60 N. Y. Supp. 844; Mattice v. Wilcox, 147 N. Y. 624, 42 N. E. 270.

The demurrer must be overruled, with costs, but with leave to the defendant to answer upon payment of costs.

Demurrer overruled.