## CHURCH v. TRIBUNE ASS'N.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. LIBEL AND SLANDER (§ 7*)—ACTIONABLE WORDS—IMPUTING CRIME OR DISGRACEFUL CONDUCT—"LIBELOUS PER SE."

The test whether a newspaper article is "libelous per se" is whether, to the mind of an intelligent man, the tenor of the article and the language used naturally import a criminal or disgraceful charge.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 17; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 5, pp. 4116–4125; vol. 8, p. 7705.]

2. LIBEL AND SLANDER (§§ 7, 10*)—ACTIONABLE WORDS—MORAL DELINQUENCY OR DISREPUTABLE CONDUCT.

It is libelous per se to accuse a public officer of habitual neglect of duty, or to charge a person with but a single commission of an act, if the act itself amounts to or imports moral delinquency or disreputable conduct.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 17, 91; Dec. Dig. §§ 7, 10.*]

3. LIBEL AND SLANDER (§ 10*)—ACTIONABLE WORDS—MISCONDUCT IN OFFICE.

A newspaper article, amounting to no more than a charge that on one occasion a city magistrate was unable to open the police court at the appointed hour, because plaintiff and certain other clerks of the court were late or absent, though it quoted the magistrate as saying, "Here we are again to-day without any help," at most charged plaintiff only with inattention to his duties, and not with habitual neglect, and was not libelous per se, as imputing moral delinquency or disreputable conduct.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 91; Dec. Dig. § 10.*]

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Thomas A. Church against the Tribune Association. A demurrer to the complaint was overruled (63 Misc. Rep. 578, 118 N. Y. Supp. 626), and defendant appeals. Reversed, and demurrer sustained, with leave to plaintiff to amend his complaint.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry W. Sackett, for appellant.
Saul R. Rogers, for respondent.

SCOTT, J. Defendant appeals from an interlocutory judgment overruling its demurrer to the complaint. The action is for libel, and is based upon an article published in defendant's newspaper, reading as follows:

### "Clerks Hold Up Court.

#### "Magistrate and Prisoners Wait While Clerical Staff Takes Holiday.

"Magistrate Breen found no clerks at the West Side police court when he arrived there yesterday morning ready to convene court at 9 o'clock, and it was 10:30 before substitutes could be obtained. Meanwhile forty policemen, with two score prisoners, were obliged to stand around waiting for some one to make out complaints.

"Magistrate Breen was highly incensed when no clerks appeared. He finally telephones to Secretary Block, of the Board of Magistrates, and asked for an explanation. Mr. Block replied that four clerks had been assigned to the West Side police court as usual, and added that he was totally unable to account for the nonappearance of the men. He said he would send substitutes at once. .

"While waiting for the substitute clerks to arrive Magistrate Breen became more and more exasperated as the business of the court began to accumulate. Calling the newspaper men around him he said:

" 'I do not consider such a condition of affairs a trifling delinquency, by any means. Here we are again to-day, without any help at all and no word to explain the absence of these men. It is only fair to say, in regard to the chief clerk, that while burying his wife yesterday his mother died, and, under these circumstances, I do not expect him to be here. I cannot understand in the least, however, where the other clerks are. The safe is locked and no one knows the combination, and it is impossible to obtain the examination papers. I have telephoned to the secretary of the Board of Magistrates, and he says he will send us two men at once; but we have no interpreter, and there was no interpreter here yesterday.'

"When the two substitutes finally appeared they found a heavy task before them. None of the regular clerks appeared while court was in session and the reason for their absence remained unexplained. No one except Charles Anthes, the chief clerk, had asked for or obtained leave of absence. The missing were Peter Leckler, Edmund Davis, Thomas Church, and Saul Lubliner. The latter was the interpreter.

"The whereabouts of the different men will be investigated by the Board of Magistrates at its next meeting."

The language of the article is, of course, to be read and construed fairly and naturally, and the test whether it is or is not libelous per se is whether, to the mind of an intelligent man, the tenor of the article and the language used naturally import a criminal or disgraceful charge. Ertheiler v. Bernheim, 37 App. Div. 472, 56 N. Y. Supp. 26. Thus read, the article quoted above amounts to no more than a charge that on one occasion the city magistrate was unable to open the West Side police court at the appointed hour because the plaintiff and certain other clerks of the court were late or absent. This certainly fell far short of accusing plaintiff of anything criminal or disgraceful. At the most it charged him only with inattention to his duties, and this on but a single occasion. This cannot fairly be said to amount to an imputation of moral delinquency or disreputable conduct. It is true that it has been held to be libelous per se to accuse a public officer of habitual neglect of duty (18 Am. & Eng. Ency. of Law, p. 950); but no

case, so far as we are aware, has gone so far as to hold that a charge of having once neglected a duty is libelous, nor, even if we give the fullest possible weight to the use of the word "again," which the article quotes the magistrate as using, do we find this article to be the equivalent of a charge of habitual neglect. Of course, it may be libelous to charge a person with but a single commission of an act, if that act itself amounts to or imports moral delinquency or disreputable conduct. Such were the acts charged to the respective plaintiffs in O'Shaughnessy v. Morning Journal Ass'n, 71 Hun, 47, 24 N. Y. Supp. 609, and Flaherty v. N. Y. Times Co., 109 App. Div. 489, 96 N. Y. Supp. 381. Such is not the act charged against plaintiff in the article complained of.

The judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend his complaint within 20 days upon payment of such costs. All concur, except HOUGHTON, J., who dissents.