(156 App. Div. 874.)

POTTER v. PICTORIAL REVIEW CO.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

LIBEL AND SLANDER (§ 89*)—ACTION—PROFESSIONAL CAPACITY.

　　Plaintiff, an engineer, was employed by the city of New York to prepare plans for a public improvement, after plans which included a filtration plant had been rejected because of the expense of execution. The filtration plant was omitted at the instance and to suit the purpose of the city. Defendant printed an article concerning plaintiff's alleged preparation of the new plans, which were charged to be defective because of the omitted filtration plant. The article, however, contained no aspersions on plaintiff's professional capacity or discretion, and was not libelous per se. Held, that a complaint for libel, based on the article, which did not allege that plaintiff was ever an officer of the city, or that he was generally referred to or known as such, and which did not charge special damage, was demurrable.

　　[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 213, 214; Dec. Dig. § 89.*]

Appeal from Special Term, New York County.

Action by Alexander Potter against the Pictorial Review Company. From an order overruling defendant's demurrer to the complaint for want of·facts, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Hugo H. Ritterbusch, of New York City, for appellant.
J. Aspinwall Hodge, of New York City, for respondent.

HOTCHKISS, J.· If by any reasonable construction of the article it could·be said that plaintiff was charged, in his professional capacity, with an act involving such a degree of moral turpitude as would tend to bring him into disrepute with honorable men, I should be willing to admit, although but a single isolated act of such character was charged, that it would be libelous (Church v. Tribune Ass'n, 135 App. Div. 30, 32, 119 N. Y. Supp. 885), and that the fact that no general professional incapacity was imputed would be of no significance.

But it appears here that plaintiff was employed by and prepared. the alleged defective plans under direction of his employer, the city, after plans which included a filtration plant had been rejected because of their expense, and that such defective plans omitted the filtration

plant at the instance and to suit the purposes of the city. Under these circumstances, it cannot be said that plaintiff exercised any professional discretion in preparing the plans alleged to have been defective, or that he did anything more than comply with the express directions given to him by those whom he served, assuming no professional responsibility for the alleged hygienic deficiency of the plans because of the absence of the filtration plant.

It is nowhere alleged that plaintiff was ever an official of the city or even that he was generally referred to or known as such. Plaintiff therefore, can have no benefit from the innuendoes which attempt to enlarge the plain meaning of the words of the article. For the same reason, that portion of the article referring to the alleged insult to "Kate" cannot be taken as in any way referring to plaintiff. The article, thus interpreted, contains nothing libelous per se, and, as there is no special damage alleged, the demurrer was good.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.