FRANKLIN H. BROWN, Trading as CREDITORS AUDIT COLLECTION BUREAU and as ATTORNEYS BUREAU OF COLLECTIONS, Appellant, *v.* J. HARRY TREGOE et al., Respondents.

Libel — when complaint states cause of action — charges affecting plaintiff's standing, honesty and reliability in his business, if untrue, libelous per se.

1. A complaint in an action for libel, which alleges in substance that plaintiff, under certain trade names, was carrying on a certain business and in connection with the conduct thereof was also acting as manager of a similar business conducted by a corporation and that, while thus engaged, the defendants circulated a libelous statement which injured him, states a cause of action, provided, in the absence of allegations of special damages, that the statement complained of was libelous *per se.*

2. Where the article complained of contained allegations which suggest that plaintiff's business history had been subject to criticism and that on at least one occasion he had lost his position; that people intending to use such an agency as he was conducting were interested more than in anything else in the manner in which its work was conducted and the promptness with which its remittances were made and that defendant's information tended " to criticise the paying qualities " of plaintiff, that he had been guilty of ungentlemanly practices and that his agency was a proper subject for thorough investigation by prospective clients, a jury might find, under proper innuendoes, that the article contained charges affecting plaintiff's standing, honesty and reliability in the business he was pursuing and if untrue they would be libelous *per se.*

Brown v. Tregoe, 204 App. Div. 875, reversed.

(Argued October 3, 1923; decided November 20, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial

32

department, entered December 22, 1922, which affirmed an order of Special Term granting a motion by defendants for judgment dismissing the complaint.

*Grant Hoerner* for appellant. The court at Special Term in granting defendants' motion for judgment on the pleadings erroneously held that this action was brought by the plaintiff, not to recover damages for a personal wrong, but for a claimed injury to the business of two bureaus owned by the American Protective and Credit Service Corporation. (*First Nat. Bank* v. *Winters*, 225 N. Y. 47.) The court at Special Term erroneously held that the publication was not libelous *per se*. It attacked the plaintiff personally and also in his business. It was circulated with the intent and for the purpose of injuring the plaintiff in his business. (*Moore* v. *Francis*, 121 N. Y. 199; *Triggs* v. *Sun Printing & Pub. Assn.*, 179 N. Y. 144; *Moore* v. *Francis*, 121 N. Y. 199; *Hinrichs* v. *Butts*, 149 App. Div. 236; *Krug* v. *Pitass*, 162 N. Y. 154; *Morasse* v. *Brochu*, 151 Mass. 567; *Panster* v. *Wasserman*, 190 App. Div. 822; *Sanderson* v. *Caldwell*, 45 N. Y. 398.) The court at Special Term overlooked or misapprehended the fact that the defendants made a motion for judgment dismissing the complaint on one ground only, to wit, that it does not state facts sufficient to constitute a cause of action. The question of the capacity of the plaintiff to sue could not be raised by such a motion. (*Ward* v. *Petrie*, 157 N. Y. 301; *Carter* v. *De Camp*, 40 Hun, 258; *Mount Morris* v. *King*, 77 Hun, 18; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 N. Y. 648; *Bank of Lowville* v. *Edwards*, 11 How. Pr. 216; *Guenther* v. *Ridgway Co.*, 187 App. Div. 593.)

*Julius Henry Cohen, Theodore B. Richter, W. Randolph Montgomery* and *Kenneth Dayton* for respondents. The plaintiff does not sue for a libel upon himself. He is attempting to recover for a corporation damages which the corporation itself cannot recover. (*Williams* v. *New*

*York Herald Co.,* 165 App. Div. 529; 218 N. Y. 625; *Horan* v. *C. A. Assn.,* 181 App. Div. 931; *Haas* v. *Leo Feist, Inc.,* 234 Fed. Rep. 105; *Hapgoods* v. *Crawford,* 125 App. Div. 856; *Warner Instrument Co.* v. *Ingersoll,* 157 Fed. Rep. 311; *Memphis Tel. Co.* v. *Cumberland Tel. & Tel. Co.,* 145 Fed. Rep. 904; *A. P. & C. S. Corp.* v. *Tregoe,* N. Y. L. J. June 28, 1922, p. 1154; Pers. Prop. Law, § 41; Gen. Const. Law, § 37a.) The article is in no event a libel *per se* upon the plaintiff personally. (*Kingsbury* v. *Bradstreet Co.,* 116 N. Y. 211; *Woodruff* v. *Bradstreet Co.,* 116 N. Y. 217.)

HISCOCK, Ch. J. This action is one of libel and a motion was made to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This motion was granted upon the grounds, *first,* that the action was brought to recover damages to a business owned and conducted by a corporation rather than to plaintiff individually, and *second,* that the article complained of was not libelous *per se.* We are not able to accept the view thus taken although it is not strange that the courts should have been misled by the rather confused assembly in the complaint of disjointed and irrelevant allegations. Arranging, however, these allegations in a more systematic and connected manner than was done by the pleader and disregarding those which are irrelevant and giving to the complaint thus framed that liberal interpretation to which it is entitled when challenged for insufficiency, we have, as we think, a pleading which does place the complainant individually in the status of a plaintiff.

We have first a series of allegations which under permissible transposition are quite plain. They are to the effect that plaintiff was and for several years had been engaged in the mercantile agency business furnishing, publishing and distributing mercantile reports, business reviews and adjusting and collecting bills and accounts for

his patrons; that he was " trading " as the Creditors
Audit Collection Bureau and as Attorneys Bureau of
Collections. which, we suppose, may be interpreted to
mean that he was carrying on his mercantile agency and
collection business under those names. Then follow allegations
to the effect that the American Protective and
Credit Service Corporation is a domestic corporation and
that the good will and business of the above-named
" Bureaus " although managed, conducted and operated
by the plaintiff were " owned by the American Protective
and Credit Service Corporation." Of course it is difficult
to understand how the good will and business of an
occupation conducted by a private individual could be
owned by a corporation but that allegation is probably
immaterial and at most only menaces the capacity of
plaintiff to prove his cause of action as alleged. Then
still farther follow a series of allegations that the American
Protective and Credit Service Corporation established a
branch office at Havana, Cuba, " which was operated by
the plaintiff in connection with the Attorneys Bureau of
Collections and Creditors Audit Collection Bureau," and
that plaintiff " operating for and in conjunction with "
said corporation " was competing with the defendant in a
similar business in the United States and Cuba; " that
the defendants who were conducting the business of furnishing
mercantile reports being envious of the success
of the plaintiff " acting for and in conjunction with "
the corporation above named and " with the intent and
for the purpose of injuring the business, credit and good
name of the plaintiff " and that of the corporation above
named, maliciously published and circulated and distributed
the alleged libel.

When we extract from all of these allegations their
material substance we think they may be interpreted as
meaning that plaintiff, under the names of the " Bureaus "
above specified, was carrying on the business described
in the complaint and that in connection with the conduct

of this business which he himself owned and operated he was also acting as the manager of a similar business conducted by the American Protective and Credit Service Corporation and that, while thus engaged, the defendants circulated a libelous statement which injured him and also (that being utterly irrelevant) the business of the corporation. The allegations thus interpreted allege a cause of action in behalf of plaintiff provided that the statement complained of was libelous *per se*, for no special damages are alleged.

This article after purporting to quote a long statement made by plaintiff said about him, amongst others, the following things: " We have not learned anything about the antecedents of Franklin H. Brown before he came to New York. He was for some years credit man for S. Stein & Co. * * * and lost his position there. Then * * * he became secretary of the Creditors Audit and Adjustment Association which had been organized to look after embarrassed concerns, help them out, or put them through bankruptcy. * * * The information derived by our investigator relative to the personal characteristics of Franklin H. Brown * * * indicated that the house with which he was formerly connected, S. Stein & Co., were very critical, and inquiry should be made of them by anyone interested in the agency or who might use it in large transactions. This information tended also to criticise the paying qualities of Brown and that he had been guilty of ungentlemanly practices, but it was merely information coming into the hands of our investigator, and we have no means at all of verifying or disapproving it. What interests prospective users of the agency more than anything else is the manner in which its work is conducted, * * * and the promptness with which its remittances are made. In our judgment, in summing up this report, prospective users of the agency should satisfy themselves thoroughly as to its abilities and the character of the men back of it."

[236 N. Y. 497]     Opinion, per HISCOCK, Ch. J.     [Nov., 1923.]

These allegations suggest that plaintiff's business history had been subject to criticism and that on at least one occasion he had lost his position; that people intending to use such an agency as he was conducting were interested more than in anything else in the manner in which its work was conducted and the promptness with which its remittances were made and that defendants' information tended " to criticise the paying qualities of Brown;" that he had been guilty of ungentlemanly practices and that his agency was a proper subject for thorough investigation by prospective clients. Under proper innuendoes we think that a jury at least would be permitted to say that when defendants, with the surrounding statements, reported that " the paying qualities " of Brown had been criticised this would mean either that he was in financial straits and thus unable to pay promptly or else that he intentionally and improperly retained moneys which came into his hands in his collection business. The possession and exhibition of either of these qualities by plaintiff undoubtedly would impair his standing and character in his business where, as the article stated, promptness of remittances was especially important and thus the article might be found to contain charges affecting plaintiff's standing, honesty and reliability in the business which he is pursuing and if untrue they would be libelous *per se.* (Townsend on Slander, sec. 191; *Moore* v. *Francis*, 121 N. Y. 199; *Woodruff* v. *Bradstreet Co.*, 116 N. Y. 217; *Hartnett* v. *Plumbers' Supply Assoc.*, 169 Mass. 229, 235.)

Thus we reach the conclusion that the disposition made of defendants' motion in dismissing plaintiff's complaint was erroneous and that the orders appealed from should be reversed, with costs in all courts, and defendants' motion denied, with costs.

HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Orders reversed, etc.