PETER MILDENBERGER, Plaintiff, *v.* THEODORE E. FLEMMING, Defendant.*

Supreme Court, Erie County, April, 1928.

**Libel and slander — slander per se — complaint in action for slander alleges plaintiff was supervisor of his town and candidate for re-election when defendant charged he proposed scheme to buy site for sewage disposal plant and sell it to town and make a " bunch of money "— complaint states good cause of action — words directly tend to prejudice plaintiff in his office and special damages need neither be alleged nor proved.**

The complaint in this action for slander, which alleges that plaintiff was supervisor of his town and a candidate for re-election when the defendant charged that plaintiff proposed to another town officer that they buy a site for a sewage dis-

---

* Affd., 223 App. Div. 814.

posal plant, take title in a third person's name and sell it to the town and make a " bunch of money," states a good cause of action, because the charges impute to plaintiff a willingness to use his official position to his own financial benefit and at the expense of the town, and in violation of the trust imposed upon him by the office to which he had been elected.

Since the words directly tend to prejudice plaintiff in his office, special damages need neither be alleged nor proved.

MOTION by defendant to dismiss the complaint.

McIntyre & Swartz [Bernard B. Swartz of counsel], for the plaintiff.

Daetsch, Paul & Lesswing [Wortley B. Paul of counsel], for the defendant.

NORTON, J. An action for slander. The complaint alleges that the plaintiff was supervisor of his town and was a candidate for re-election, when the defendant, who was health officer of the town, charged that plaintiff proposed to another town officer, the attorney for the town, that the two of them, plaintiff and such town attorney, buy a site (for a sewage disposal plant), take title thereto in a third person's name, and then sell it to the town and make a " bunch of money."

The defendant on this motion contends that the words " so alleged to be spoken by defendant of and regarding the plaintiff " are not actionable per se; and that as the complaint does not allege special damages, it does not allege a cause of action and should be dismissed.

The test whether an article is libelous, or spoken words are slanderous per se, is would the tenor of the article or words and the language used to the mind of an intelligent man naturally import a criminal or disgraceful charge. (Church v. Tribune Assn., 135 App. Div. 30; Rossiter v. N. Y. Press Co., 141 id. 339.)

It may be libelous or slanderous to charge a person ·with a single commission of an act, which act amounts to or imports moral delinquency, disreputable conduct, or lack of official integrity, or official misconduct. (O'Shaughnessy v. Morning Journal Assn., 71 Hun, 47; Flaherty v. N. Y. Times Co., 109 App. Div. 489.)

The words in question herein defame the official integrity of the plaintiff. If true, they establish his unfitness for the office he held, re-election to which he was seeking.

The law as stated in Dole v. Van Rensselaer (1 Johns. Cas. 330); Lunn v. Littauer (187 App. Div. 808); Bennet v. Commercial Adv. Assn. (230 N. Y. 125); Moore v. Francis (121 id. 199); Byrnes v. Mathews (12 N. Y. St. Repr. 74); Woods v. Gleason (18 App. Div. 401) applies to an imputation, such as the one in question in the instant case, when the person who is the subject of such imputation is one

who is holding public office; and it imputes to him the proposal to use such office in violation of law and of the duties and inhibitions imposed upon him by his office.

Words spoken in relation to a person in his official position, as a sheriff, which import a charge of malpractice, are actionable is the holding of the court in *Dole* v. *Van Rensselaer* (*supra*).

To publish of a private detective that he was employed because the employers " wanted something done in the line of spying and sneaking, meaner and dirtier than they had the face to ask the Police Department to do," was held to be libelous and actionable *per se* in *Byrnes* v. *Mathews* (*supra*).

That publication of a false accusation of a member of Congress, which dishonors or discredits him in the estimate of the public or his friends, although not charging a crime, is actionable, is decided in *Bennet* v. *Commercial Adv. Assn.* (*supra*).

To charge a Congressman with lack of patriotism and disloyalty in time of war is libelous *per se.* (*Lunn* v. *Littauer, supra.*)

The imputation of solicitation to commit crime is actionable. (36 C. J. 1198, § 113.)

In the early case of *Demarest* v. *Haring* (6 Cow. 76) the court declared that words charging a plaintiff with being the father of a bastard child and that he wished defendant to make away with it were slanderous *per se*, as importing a wish that defendant should destroy the child as soon as born, that the words imported that the plaintiff therein applied to the defendant therein to commit murder.

The words in question herein impute to plaintiff a willingness, disposition and proposition to use his official position to his own financial benefit, and at the expense of his town, and in violation of the trust imposed upon him by the office he held. I believe they come within the general rule, and the precedents announcing that rule, as stated by Judge RODENBECK in *Edwards X-Ray Co.* v. *Ritter Dental Mfg. Co.* (124 Misc. 898) as follows: " Words * * * are slanderous *per se* which directly ' tend to the prejudice of any one in his office, profession, trade or business ' or are an ' injurious imputation ' affecting his office, profession or business (*Gideon* v. *Dwyer*, 87 Hun, 246, 249; Folkard's Starkie on Libel & Slander [Wood's Notes], pp. 105, 177; *Panster* v. *Wasserman*, 190 App. Div. 822, 823), or affect his ' standing, honesty and reliability ' in his business (*Brown* v. *Tregoe*, 236 N. Y. 497, 502), in which cases no special damages are required to be alleged or proven."

I am of the opinion that the complaint states a cause of action. The motion is, therefore, denied.