SAMSON UNITED CORPORATION, Plaintiff, *v.* THE DOVER MANU-FACTURING COMPANY, Defendant.

Supreme Court, Monroe County, February 13, 1931.

*Redfern & Forsyth,* for the plaintiff.

*Schneider & Groggins,* for the defendant.

RODENBECK, J. Statements made by a corporation with reference to a competitor must be kept within reasonable bounds. Every statement made is not actionable, but a statement may be of such a serious character as to constitute a libel *per se.*

It is not necessary that a statement shall impute moral delinquency or disreputable conduct to be libelous *per se.* It is enough if it " tend " to injure one in his business (*Moore* v. *Francis*, 121 N. Y. 199), by impeaching his " integrity, knowledge, skill, diligence, or credit." (*Marlin Fire Arms Co.* v. *Shields*, 171 N. Y. 384.) Statements which " tend to the prejudice " of one in his business (*Gideon* v. *Dwyer*, 87 Hun, 246), or are an " injurious imputation " affecting one's business (*Panster* v. *Wasserman*, 190 App. Div. 822), or affect his " standing, honesty and reliability " in business (*Brown* v. *Tregoe*, 236 N. Y. 497), are libelous *per se.*

The letter in question was sent to the defendant by a concern in Philadelphia, where the plaintiff had attempted to introduce its goods or advance the sale of its goods. The gist of the letter of which the plaintiff complains is that the plaintiff painted beautiful pictures with reference to its product which it did not intend to live up to. This language, separated from the letter itself, means little, but read in connection with the letter it amounts to a statement that the plaintiff made misrepresentations with reference to its flatirons which it did not live up to. Obviously, such a statement cannot be made about a corporation without reflecting on its integrity and standing. An isolated instance of such a statement would be of little importance, but when such a statement is widely circulated through agents of a competing corporation, it may seriously affect the business of the corporation concerning which the statements are made. There is a line of demarcation between statements which are embraced within the range of honest competition and those which are outside, which no competitor should be permitted to make unless he is prepared to justify them. When a corporation is charged with making misrepresentations as to its product, " painting beautiful pictures " which it does not expect to live up to, it is a serious accusation and would, if widely circulated, tend to injure the corporation by impeaching its " standing, honesty and reliability " in business and would be libelous *per se.* (*Brown* v. *Tregoe, supra.*)

The letter is not an innocent, careless or harmless statement about a competitor, but one which was designedly made to alienate its trade, and is libelous *per se*, and the motion is denied, with costs.

So ordered.