SAMUEL VIGODA, Respondent, v. HIRSCH MARCHBEIN, Appellant.

First Department, April 25, 1961.

*Morris Honig* (*Isidor Blum* of counsel), for appellant.

*Johanan Vigoda* for respondent.

*Per Curiam.* It is alleged in the complaint that defendant addressed a letter to all the members of an association which included plaintiff and most of the professional orthodox Jewish cantors in the United States. Therein it was stated that plaintiff '' asked our Office-secretary to give him ' A CERTAIN AMOUNT OF BLANK RECEIPTS ' from our receipt book, which she did. ALL HE HAS TURNED IN TO OUR OFFICE FROM THE APPEAL WAS $250. (two hundred and fifty dollars). As your Secretary at that time I had to ask [plaintiff] for an account of all the receipts he had taken. HE GOT VERY ANGRY AT ME, saying I do not trust him! ''

The communication is to be interpreted as it would have been by the persons to whom it was addressed (cf. *Turton* v. *New York Recorder Co.*, 144 N. Y. 144, 148). This court recently said in *Berkson* v. *Time, Inc.* (8 A D 2d 352,354, affd. 7 N Y 2d 1007): '' To be actionable per se, the publication must either charge a crime involving moral turpitude [citing cases] or it must import, as SCOTT, J. noted in this court in *Church* v. *Tribune Assn.* (135 App. Div. 30, 31) ' a criminal or disgraceful charge '. A libel must as Judge CROUCH noted in *Kimmerle* v. *New York Evening Journal* (262 N. Y. 99, 102) ' appreciably affect reputation '. The words must state, or reasonably imply, a discreditable or disgraceful thing; some wrongdoing; some circumstance which will expose the complaining party to contempt or scorn.''

In our opinion the complaint is legally sufficient. The triers of the fact might find that the communication reasonably implied and was so interpreted by the recipients to charge that plaintiff had obtained blank receipts from an employee of the association, made solicitation of funds and thereafter failed to turn in the contributions until compelled to account for the blank receipts. '' It has long been the rule that words charged to be defamatory are to be taken in their natural meaning and that the courts will not strain to interpret them in their mildest and most inoffensive sense to hold them nonlibelous.'' (*Mencher* v. *Chesley*, 297 N. Y. 94, 99.) '' The libel law has never been confined to charges of illegality or law-breaking. Any false accusation which dishonors or discredits a man in the estimate of the

public or his friends and acquaintances or has a reasonable tendency so to do is libelous." (*Bennet* v. *Commercial Advertiser Assn.*, 230 N. Y. 125, 127.)

The order should be affirmed.

Steuer, J. (dissenting). The action is in libel, the alleged libelous matter is attached to the complaint, and the question is whether it is in fact libelous. The publication is a circular letter to the members of the Jewish Ministers Cantors Association just preceding an election of officers of the association. The plaintiff and the defendant were candidates. That part of the publication which is claimed to be libelous sets out that the plaintiff undertook to collect certain pledges of donations to the association, which pledges totalled $1,000. At the time plaintiff undertook to make the collection, he asked for and received a number of blank receipts. The article asserts that the plaintiff only brought in $250 and that he was asked to account for the balance of the receipts and became angry and indignant.

The meaning of words charged to be libelous is to be determined by taking the words " in the sense which is most obvious and natural, and according to the idea that they are calculated to convey to those to whom they are addressed." (*Larsen* v. *Brooklyn Daily Eagle,* 165 App. Div. 4, 5–6.) The claim of the plaintiff is that the statement imports that he collected $1,000 and only turned in $250 to the organization. If this is correct, the statement is certainly libelous, but such a meaning is not the obvious import of the words used. They may well charge that plaintiff was inept in following up the pledges, but there is no charge, direct or otherwise, that he collected more than he accounted for. His failure to return the receipts — and that can only reasonably mean the forms of receipt — is likewise a reflection on his conduct but not an imputation of larceny or embezzlement. It is well settled that an innuendo cannot make a statement libelous which is otherwise not libelous (*O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352).

The complaint should be dismissed.

Breitel, J. P., Stevens and Bastow, JJ., concur in Per Curiam opinion; Steuer, J., dissents and votes to reverse in opinion in which Valente, J., concurs.

Order entered on December 10, 1959, denying defendant's motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint, affirmed, with $20 costs and disbursements to the respondent.