Charles J. Beckinella, J.
Defendant moves to dismiss the "omplaint on the ground that the pleading fails to state a cause A action (CPLB 3211, subd. [a], par. 7).
On this motion attacking the complaint for insufficiency the court must accept the ultimate facts pleaded as though admitted by the defendant.
The action is in libel and is grounded upon a signed typewritten letter which defendant, a physician, had mailed to the *843 plaintiff, an infant. A copy of the letter was also mailed to the infant’s mother. Prior thereto the plaintiff had consulted defendant professionally with respect to his physical condition. In accordance with defendant’s advice plaintiff was thereafter operated upon by another physician, a surgeon recommended by defendant.
The letter concerned a check for $150 which the Group Health Insurance Company, pursuant to a medical-surgical benefits policy, had mailed plaintiff in reimbursement ‘ ‘ for the surgery performed by ” the other doctor. Plaintiff and his mother had insisted that the check was never received and that their mailbox had been rifled. As a result defendant requested Group Health Insurance to mail plaintiff a second check.
While plaintiff refers to the entire letter as being false, malicious and defamatory, it is evident from the pleading that it is the following language which is critical:
“ I took your word for this and went to much time and trouble requesting GHI to mail out a second check.
“Iam very sorry to have to tell you in writing that you did not tell the truth. You did receive the first check from GHI and you cashed it instead of properly turning the check over to [the surgeon]. I have positive proof of this. GHI closely investigated your case, called me and mailed me a photostatic copy of this check to you, which showed clearly your name endorsed on the back of the check and cleared through the bank. ’ ’
In the third and final paragraph of the letter defendant concluded by urging plaintiff to make ‘£ prompt payment ’ ’ to the surgeon in order to £ £ avoid placing this extra burden ’ ’ of paying upon plaintiff’s mother.
Plaintiff does not claim or allege special damages. But the lack of special damages does not render the complaint insufficient ££ if the false publication complained of is libelous per se ” (Balabanoff v. Hearst Consolidated Pub., 294 N. Y. 351, 354).
The complaint alleges that “by said statement defendant maintained and did charge plaintiff with the crime of ’ ’ larceny. A false accusation of a crime would be libelous. (See Seelman, Law of Libel and Slander, p. 21.)
In opposition to the motion it is plaintiff’s contention that the writing is libelous per se, or if such contention is questioned, it would then come within the “ province of the jury to determine ”. Undeniably if the plaintiff’s construction, i.e., that the letter charges plaintiff with a crime, is permissible, a jury question would result. (Bossiter v. New York Press Co., 141 App. Div. 339, 345.) But where the language is unambiguous, *844 whether the writing is actionable is a question of law for the court to determine (Morrison v. Smith, 177 N. Y. 366, 369).
A writing will not be held libelous per se ‘ ‘ unless the language as a whole, considered in its ordinary meaning, naturally and proximately was to injurious to the plaintiff that the court will presume, without any proof, that his reputation or credit has been thereby impaired.” (O’Connell v. Press Pub. Co., 214 N. Y. 352, 358.) The writing, it has been held, must ‘1 be read and construed fairly and naturally, and the test whether it is or is not libelous per se is whether to the mind of an intelligent man the tenor of the article and the language used naturally import a criminal or disgraceful charge.” (Church v. Tribune Assn., 135 App. Div. 30, 31.) Plaintiff argues in his brief that the letter imputed to him the commission of the crime of larceny ‘ ‘ by trick and deceit in that plaintiff made fraudulent claim upon GHI for a second check ”. Fairly read the letter permits no such conclusion, nor has there been a “ demonstration that the acts stated in the [letter] constituted the violation of any penal statute ”. (Berkson v. Time, Inc., 8 A D 2d 352, 353, affd. 7 NY 2d 1007.) The natural import of the letter fails to convey the thought that plaintiff has been charged “with criminality in purpose” as claimed by plaintiff. It would not be a crime for plaintiff to indorse and cash his own check, and even to retain the proceeds. Nor would it be a crime for plaintiff to cash the check, rather than indorse it over to the surgeon to whom he was indebted and for whose services plaintiff was reimbursed in part by the insurance company.
Nor could the fact that a second check had been sought by the plaintiff, as alleged in the complaint, alter the natural import of the letter. Plaintiff ‘ ‘ cannot enlarge or change the language used in the [letter] by innuendo. The purpose of the innuendo is to explain the application of the words used. Words which are not libelous in themselves cannot be made so by innuendo.” [Hays v. American Defense Soc., 252 N. Y. 266, 269.)
It would seem to the person, i.e., the stenographer or the plaintiff’s mother, in this case, reading the letter as a whole, that defendant was mainly concerned with plaintiff’s failure to make payment to the surgeon. The accusation that plaintiff “ did not tell the truth,” together with the statement regarding the substantiating proof thereof, simply notified plaintiff that his alleged untruthfulness was discovered and would no longer avail him as an excuse for further delaying payment to the surgeon. Reference to the second check was incidental to *845 defendant’s explanation of the efforts expended upon plaintiff’s behalf.
In the court’s opinion the letter was not libelous per se, thereby rendering the complaint deficient. Under the circumstances the court need not determine other questions raised herein. However, it would seem that dictation of the letter to defendant’s stenographer could constitute publication and whether such publication was privileged would be a matter of defense (see Ostrowe v. Lee, 256 N. Y. 36). Motion granted, with leave to plaintiff to serve, if so advised, an amended complaint within 20 days.