■ HENRY BOOK et al., Appellants, v MANLIO S. SEVERINO et al., Respondents.—Order entered in the Supreme Court, Bronx County, on April 30, 1975 granting defendants' motion to dismiss the complaint for failure to state a cause of action in libel per se, unanimously reversed, on the law, the motion denied and the complaint reinstated, without costs and without disbursements. Plaintiffs purchased a nursing home from defendants and agreed to continue most of the home's personnel in their employ. At the closing, defendants gave plaintiffs $16,000 representing accumulated sick time, vacation time and bonuses to be distributed to the employees at Christmas time, as was defendants' custom. Several months thereafter, defendant Severino wrote a letter to about 75 of the employees informing

them that $16,000 had been given to plaintiffs for the aforesaid purposes and suggested to them that they request any money which they were short-changed and which plaintiffs kept for themselves instead of paying it to the employees. Special Term erred in finding that the letter was not libelous per se and dismissing the complaint with leave to replead alleging special damages, if any. The complaint alleges that the letter was false and maliciously defamatory to the plaintiffs causing them injury personally and in their business and in their relationship with their employees and the nursing home patients. The money which plaintiffs are accused of pocketing was compensation to defendants' former (and plaintiffs' present) employees in the form of vacation pay, sick benefits and pensions, all earned by the employees during the ownership of the business by the defendants. The general rule is that "A writing is defamatory—that is, actionable without allegation or proof of special damage—if it tends * * * to induce an evil or unsavory opinion of [a person] in the minds of a substantial number of the community, even though it may impute no moral turpitude to him." (*Mencher v Chesley,* 297 NY 94, 100.) "And to that listing of the defamatory should be added a writing which tends to disparage a person in the way of his office, profession or trade." (*Nichols v Item Publishers,* 309 NY 596, 601.) (See, also, *Day v Chamber of Commerce of U. S.,* 239 App Div 447, affd 264 NY 522 and *Brown v Tregoe,* 236 NY 497.) The writing complained of, if false as alleged, tends to disparage the plaintiffs in the way of their business and to harm them in their relations with their employees and is therefore libelous per se. Special Term denied the other relief sought by the defendants, including a change of venue, as academic in view of the dismissal. The dismissal having been reversed, the defendants may pursue the other relief sought and denied as moot, if so advised. Concur—Kupferman, J. P., Lupiano, Birns, Nunez and Lynch, JJ.