## PERLEY v. MORNING TELEGRAPH CO.

(Supreme Court, Appellate Division, First Department.  April 8, 1909.)

1. LIBEL AND SLANDER (§ 42*)—PRIVILEGED COMMUNICATIONS—JUDICIAL PRO-
    CEEDINGS.
        A fair and truthful statement of a judicial proceeding is privileged.
        [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 127;
    Dec. Dig. § 42.*]

2. LIBEL AND SLANDER (§ 6*)—PUBLICATION.
        Written words are libelous in all cases where, if the same words were
    spoken, they would be actionable.
        [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 1; Dec.
    Dig. § 6.*]

3. LIBEL AND SLANDER (§ 9*)—WORDS RELATING TO BUSINESS SUCCESS.
        A publication of a statement that plaintiff's shows had been closed by
    him because they were not successful, with nothing to impair confidence
    in plaintiff's character or business ability, is not libelous per se.
        [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 80; Dec.
    Dig. § 9.*]

Appeal from Special Term, New York County.

Action by Frank L. Perley against the Morning Telegraph Company.  From an interlocutory judgment overruling its demurrer to the complaint, defendant appeals.  Reversed.

Argued before PATTERSON, P. J., and CLARKE, INGRA-
HAM, HOUGHTON, and SCOTT, JJ.

Thos. W. Churchill, for appellant.
Franklin Bien, for respondent.

INGRAHAM, J.  The action is for a libel; the defendant being the publishers of a daily newspaper known as the "Morning Telegram." The complaint alleges that the plaintiff is a theatrical manager, and that the defendant caused to be published on December 14, 1907, an article which is set forth in the complaint.  It was stated in that article that an action commenced by plaintiff against the Shubert Company had been decided against the plaintiff; that the plaintiff had decided to send his company over Shubert's circuit; that a contract was signed, under which each side was to forfeit $25,000 for a violation of its terms; that on the plaintiff's side he was restrained from booking any company with Klaw & Erlanger, and, on the other hand, the Messrs. Shubert were to supply routes for the plaintiff's companies; that the tours were brought to an end, and the plaintiff filed suit for $25,000, asserting that he was not provided with time; that the Shuberts claimed that the plaintiff's shows had been closed by the proprietor because they were not successful, and through no fault of theirs; and that the court trying the case affirmed the decision of the Appellate Division in the defendant's favor, and the plaintiff was ordered to pay the costs of the litigation.  It is then stated in the complaint that the statements contained in said article were absolutely false, malicious, and untrue, in that it was stated in substance that there had been proof upon the trial of said action, on December 13, 1907, that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Shubert had failed to carry out the contract, because the plaintiff had closed his productions by reason of the fact that they were not successful, and through no fault of the Shuberts; that the question of the plaintiff closing his productions was not gone into on the said trial. The complaint further alleges that the publication of these false, malicious, defamatory, and libelous statements has seriously interfered to a great extent with the various enterprises which the plaintiff had and was about negotiating prior to the publication of the aforesaid false, malicious, defamatory, and libelous statements contained in said article, and that the plaintiff has been damaged in the sum of $50,000.

It is quite clear that this allegation is not a sufficient statement of special damage, and the right of the plaintiff to maintain the action must therefore depend upon whether this publication is libelous per se. It was privileged, if it was a fair and truthful statement of a judicial proceeding; but the complaint alleges that it was not, in that the Shuberts had never made the claim that the plaintiff's shows had been closed because they were not successful. The only statement in this publication which can be claimed to be libelous per se is that the booking firm (the Shuberts) claimed that the Perley shows had been closed by the proprietor because they were not successful, and through no fault of theirs. The rule in relation to a publication affecting the plaintiff's business or profession is stated in Sanderson v. Caldwell, 45 N. Y. 398, 6 Am. Rep. 105, as follows:

"When the words spoken have such a relation to the profession or occupation of the plaintiff that they directly tend to injure him in respect to it, or to impair confidence in his character or ability, when, from the nature of the business, great confidence must necessarily be reposed, they are actionable, although not applied by the speaker to the profession or occupation of the plaintiff."

In Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810, the publication stated that the teller of the bank was mentally deranged. The court quoted the definition of actionable slander by Chief Justice De Gray in Onslow v. Horne, 3 Wilson, 177, that slanderous words are those "which tend to injure a party in his trade, occupation, or business," and, in speaking of this class of action, he said:

"The law allows this form of action, not only to protect a man's character as such, but to protect him in his occupation, also, against injurious imputations. It recognizes the right of a man to live, and the necessity of labor, and will not permit one to assail by words the pecuniary credit of another, except at the peril, in case they are untrue, of answering in damages."

He quotes with approval what was said in Whittake v. Bradley, 7 D. R. R. 649:

"Whatever words have a tendency to hurt, or are calculated to prejudice, a man who seeks his livelihood by any trade or business, are actionable;" that the same rule applies to an action to recover for a written or printed publication; and that written words are libelous in all cases where, if spoken, they would be actionable.

The utmost that can be said about the defendant's publication is that it is an allegation that the plaintiff's shows had been closed by him because they were not successful. There was nothing in this state-

ment that directly tended to injure the plaintiff in respect to his business, or which impaired confidence in his character or ability. The fact that a business enterprise of any character has not been successful does not directly tend to injure the party conducting the enterprise. There is nothing but lack of success charged. It is not even charged that the lack of success was the fault of the plaintiff's management or judgment. There is nothing charged against the plaintiff in relation to his profession or occupation; nothing to indicate that the lack of success was because of any fault of the plaintiff, or that his conduct of the shows had caused their lack of success. A mere statement of the publication shows that there was no charge made against the plaintiff in connection with his profession or occupation that would directly tend to injure the plaintiff or to impair confidence in his character or ability. It follows that the publication was not libelous per se, and the action can only be maintained if the publication had caused special damage.

The judgment appealed from must therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend within 20 days, upon payment of costs in this court and in the court below. All concur.