WALTER J. NAYLOR, Respondent, *v.* VARIETY, INC., Appellant.

First Department, December 7, 1917.

Libel — statement that theatrical manager failed to pay salaries — words not libelous per se — words not charging insolvency — when innuendoes not admitted by demurrer.

A publication which in substance states that certain members of the plaintiff's theatrical company failed to receive their salaries for a certain week and left the company and returned to New York, refusing to continue further, is not libelous *per se,* and the plaintiff suing for libel is not entitled to judgment on the pleadings, there being no allegation of special damage.

Such publication is not equivalent to a charge that the plaintiff was insolvent.

A demurrer to a complaint for libel does not admit an innuendo of which the article is not susceptible.

APPEAL by the defendant, Variety, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of June, 1917, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and the demurrer thereto.

*M. L. Malevinsky,* for the appellant.

*Paul N. Turner,* for the respondent.

LAUGHLIN, J.:

The pleadings consist of the complaint and a demurrer thereto for insufficiency. The action is for libel. Plaintiff alleges that he was engaged in the theatrical business in various branches producing plays and employing actors in the production thereof, and was presenting a play at New Britain, Conn., under the name of " Walter Naylor Players " when the defendant, a corporation engaged in publishing a periodical known as " Variety," published therein an article relating to the play which the plaintiff was so producing, as follows:

" LEFT WHEN SALARIES LAPSED.

" NEW BRITAIN, CONN., *Jan.* 24.

" The members of the Walter Naylor Players, a local stock company, failed to receive their salaries for last week, and two of the members returned to New York, refusing to continue further, with the others remaining with the hope of increased business."

The action is brought on the theory that the article is libelous *per se* for special damages are not alleged. The plaintiff charges that the article was recklessly published of and concerning him and that the statements therein were false; that he is and at all times has been of good financial reputation and has a wide circle of friends and acquaintances residing in the city and State of New York and adjoining States where the alleged libel was circulated, and has had business dealings with many of them; that the article charged him with being insolvent and unable to meet his debts and obligations and was so understood by the readers thereof to the injury of the plaintiff in his credit and business and in his good name, fame and reputation, and caused him great anguish of mind, to his damages in the sum of $10,000.

We think the article is not libelous *per se.* At most it may be inferred therefrom that the theatrical venture to which it refers was not a success from a business standpoint; but this court, in *Perley* v. *Morning Telegraph Co.* (131 App. Div. 599), held that the charge that a business enterprise of any character has not been successful does not directly tend to injure the party conducting it and is not libelous. The

article is not susceptible of the charge that plaintiff is insolvent. It merely charges that the members of the company failed to receive their salaries for the preceding week and that two of them had left the company, but that the others remained in the hope that the business would be better. It may be inferred from the article that the enterprise was not sufficiently successful to enable the payment of the salaries out of the box receipts and perhaps, if payment of the salaries were not contingent on the success of the play, that other funds to pay them were not at hand or used for that purpose, but that is all. The demurrer does not admit an innuendo of which the article is not susceptible. (*Fleischmann* v. *Bennett,* 87 N. Y. 237; *Triggs* v. *Sun Printing & Pub. Assn.,* 179 id. 153.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs, and motion denied, with ten dollars costs.