LOUIS PANSTER, Respondent, v. LOUIS WASSERMAN, Appellant.

Third Department, March 3, 1920.

**Slander — words charging merchant with sale of diseased and rotten meat — words slanderous per se — allegation of special damage not essential.**

Where the defendant, who conducted a meat market, said to a person who was about to purchase meat at plaintiff's market, which was on the opposite side of the street, that the plaintiff's meat was diseased, rotten and tubercular, etc., the words were slanderous *per se*, irrespective of whether they charged the plaintiff with a crime, for they affected the plaintiff in his office, profession or business and he may recover without alleging special damage.

APPEAL by the defendant, Louis Wasserman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 27th day of June, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of June, 1919, denying defendant's motion for a new trial made upon the minutes.

*Harry A. Gordon* [*William E. Woollard* of counsel], for the appellant.

*Frank Cooper,* for the respondent.

JOHN M. KELLOGG, P. J.:

The parties conducted meat markets in Schenectady, nearly opposite each other, on South Centre street. The defendant hallooed across the street to a purchaser, who was taking meat from the plaintiff's meat market, "Hey, that meat you are buying is diseased, rotten and tubercular; come over here and I will show you meat that will open your eyes," and when asked by the purchaser if it was rotten, he replied "Yes, wait till you eat it and you will find out." To another, a meat dealer, in his market, he said: "All his [plaintiff's] meat was bad, or wasn't very good; * * * his whole store was full of tuberculosis and his meat was rotten."

The complaint charged that the slanderous words imputed a crime, and the trial proceeded upon that theory, the defendant raising the question, in various forms, that the words were not actionable *per se* and did not impute a crime. In my view of the case it is not very material whether or not a crime was imputed. The complaint and evidence necessarily show that the utterances were with reference to the plaintiff's market and to him as the manager of the market. The words were, therefore, slanderous *per se.* An injurious imputation affecting the plaintiff in his office, profession or business is actionable *per se* without an allegation of special damage. (*Gideon* v. *Dwyer,* 87 Hun, 246, 249; *Sanderson* v. *Caldwell,* 45 N. Y. 398, 405; *Moore* v. *Francis,* 121 id. 199; *Marlin Fire Arms Co.* v. *Shields,* 171 id. 384.)

The words used necessarily referred to the plaintiff's business and to him as a business man, and imputed to him wrongdoing or incompetency in his business. If plaintiff's meat and shop were in the condition charged, he must have had a knowledge of the facts which would make his action criminal.

The judgment and order should, therefore, be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.