EDWARDS X-RAY COMPANY, Plaintiff, *v.* RITTER DENTAL MAN-
UFACTURING COMPANY, Defendant.

Supreme Court, Monroe County, March 31, 1925.

**Slander — what constitutes slander per se — motion for judgment on
pleadings in action for damages arising from false statement that
plaintiff was " about to discontinue its business and was about to leave
the field as a manufacturer "— statement tends to injure plaintiff's
business and is slanderous per se without allegation of special damages.**

Words which directly tend to prejudice or injure any one in his office, profession,
trade or business, or affect his standing and reliability in his business, are
slanderous *per se*, and special damages need not be alleged or proved.   The rule
applies to a corporation as well as to a partnership or individual.

Accordingly, a complaint which alleges that the defendant repeatedly circulated
to the trade, through its representatives, a false statement that the plaintiff,
a competitor, was " about to sell its entire business, was about to discontinue
its business and was about to leave the field as a manufacturer and seller of
X-ray machines," states a cause of action, though special damages are not
alleged, for said statement constituted slander *per se* upon plaintiff's business
and was not a legitimate comment nor an honest effort to extend defendant's
business.

MOTION by defendant for judgment on the pleadings.

*Macomber & Skivington*, for the plaintiff.

*Noble, Morgan & Scammell*, for the defendant.

RODENBECK, J.:

The general rule is that words, among others, are slanderous *per se*
which directly " tend to the prejudice of any one in his office, pro-
fession, trade or business " or are an " injurious imputation " affecting
his office, profession or business (*Gideon* v. *Dwyer*, 87 Hun, 246, 249;
Folkard's Starkie on Libel & Slander [Wood's Notes], pp. 105, 177;
*Panster* v. *Wasserman*, 190 App. Div. 822, 823), or affect his " stand-
ing, honesty and reliability " in his business (*Brown* v. *Tregoe*, 236
N. Y. 497, 502), in which cases no special damages are required to
be alleged or proven.   This is one of the exceptions, of which there
are others, to the general rule that defamatory language, which term
is employed as synonymous with slanderous language (Odgers Lib. &
Sland. [5th ed.] 17), without proof of special damage, is not a sufficient
statement of a cause of action.   (*Gideon* v. *Dwyer, supra,* 248.)
" Whatever words have a tendency to hurt, or are calculated to
prejudice a man who seeks his livelihood by any trade or business,
are actionable."   (*Whittaker* v. *Bradley*, 7 D. & R. 649.)   In such
cases " the falsity of the words and resulting damage are presumed."
(*Moore* v. *Francis*, 121 N. Y. 199, 204.)   " Defamatory words, in

common parlance, are such as impute some moral delinquency, or some disreputable conduct to the person of whom they are spoken. Actions of slander for the most part are founded upon such imputations; but the action lies in some cases where the words impute no criminal offense, where no attack is made upon the moral character, nor any charge of personal dishonor." (*Moore* v. *Francis, supra,* 203.)   One of these cases is that in which the words " tend to injure one in his trade or occupation." (Id.)

The case at bar falls under this exception to the general rule requiring the allegation and proof of special damages, being one tending to injure the standing, integrity and credit of the plaintiff's business.   Any statement about the standing, integrity or credit of the plaintiff which would reasonably have a tendency to injure the plaintiff's business will be presumed to have caused it damages without proof of any special damages. (*O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352, 358.)   In *Moore* v. *Francis (supra)* Judge ANDREWS said, speaking of the words used in that case: " The publication was, we think, defamatory in a legal sense, although it imputed no crime and subjected the plaintiff to no disgrace, reproach or obloquy, for the reason that its tendency was to subject the plaintiff to temporal loss and deprive him of those advantages and opportunities, as a member of the community, which are open to those who have both a sound mind and a sound body." (p. 207.)   The same rules, of course, apply to a corporation, and where its standing, integrity or credit are assailed, damages are presumed.   Where a corporation's commercial position in the business world is impaired by words which reflect upon its stability, there is a presumption of damages unlike cases where " words are only actionable in respect of the particular injury resulting therefrom." (*Reporters' Assn.* v. *Sun Printing & Pub. Assn.,* 186 N. Y. 437, 443.)   The financial and commercial position of a corporation are protected by the law equally with the opportunity accorded an individual to earn a livelihood.   It is the advantage and opportunity to exist and prosper that is protected against prejudicial statements and where such statements are of such a character that it can be seen that they would reasonably impair or affect that advantage and opportunity they are actionable *per se.*   A corporation may criticize the manufactured products of a competitor so long as it does not directly impeach the corporation's " integrity, knowledge, skill, diligence or credit " without being liable for damages, in the absence of proof of special damages (*Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384, 390) but it cannot falsely assail its business and make untrue statements which would alienate its trade or impair its financial standing and the public confidence in

its integrity and stability without responding to the damages which are presumed in law to follow such action. Statements with respect to a competitor's business standing and stability must be kept within the truth and within reasonable bounds and if they transcend this limitation under circumstances from which it can be seen that they must have affected the competitor injuriously, the law presumes a damage and no special damage need be alleged or proven. This rule is designed not only to give competition an honest field of operation and a competitor a chance to survive and do business but to inculcate fair methods in respect to commercial transactions and competition. A corporation will not be permitted to make derogatory, and in a legal sense, slanderous statements about a competitor which can readily be seen must have had an injurious effect upon its standing and stability and place the burden upon the latter of proving the special damages occasioned thereby. Special damages may be alleged and proven in enhancement of the general damages (*Sanderson* v. *Caldwell*, 45 N. Y. 398, 403), but they do not constitute a part of the cause of action. The damages are not the gist of the action for slander but the injury to reputation, and " words spoken of them [tradesmen] in the way of their trade will bear an action, that will not be actionable in the case of another person." (*Harman* v. *Delany*, 2 Str. 898.) "Any written words," and the rule is true of slander, " are libelous which impeach the credit of any merchant or trader by imputing to him bankruptcy, insolvency, or even embarrassment, either past, present or future, or which impute to him fraud, or dishonesty or any mean and dishonorable trickery in the conduct of his business, or which in any other manner are prejudicial to him in the way of his employment or trade." (Newell Sland. & Lib. [3d ed.] § 47.)

The words used in this case did not charge the plaintiff with any dishonorable conduct in its business but, it is claimed, falsely stated that the plaintiff " was about to sell its entire business, was about to discontinue its business and was about to leave the field as a manufacturer and seller of X-ray machines," words which spoken and repeated by direction, under the circumstances of this case, were clearly prejudicial and injurious to plaintiff's business. These words spoken by an individual of a well-established corporation would have little effect depending, of course, upon its circulation. It would have more effect if made by a competitor in a general trade and an almost disastrous effect if stated to the agents or representatives of a corporation and by direction repeated by them as is claimed in this case. Not all words, it is true, are slanderous even when spoken of a man's trade or business. They may relate to his occupation or profession, trade or business and yet may not

affect him. They must injuriously affect him in this respect. Words may be slanderous or not, depending on their character. If their meaning and application are clear their defamatory character is a question for the court, but if their meaning and application are ambiguous, their slanderous character may be a question for the jury. They may be so serious an accusation that the court will consider them as slanderous *per se* even in the case of individuals (*Triggs* v. *Sun Printing & Pub. Assn.*, 179 N. Y. 144, 153), where the " language as a whole, considered in its ordinary meaning, naturally and proximately was so injurious to the plaintiff that the court will presume, without any proof, that his reputation or credit has been thereby impaired." (*O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352, 358.) They may charge a man with committing a crime or with being afflicted with a contageous disease or, as in this case, may relate to and affect a man seriously in his trade or business and then they are slanderous *per se*. But in the latter case the language, as heretofore stated, may vary in its import and may be an innocent comment or one which injuriously affects the trade or business. When it has that effect it is slanderous *per se* and damages are presumed.

This is the situation in which the defendant finds itself. The statements made by its officers might have had no effect on the plaintiff's business under certain circumstances, but under the conditions under which they were made and repeated, relating as they did to a competitor in a particular manufactured article for which parts and replacements might be necessary, with the design of securing the competitor's trade, it must be held to have injuriously affected the plaintiff as the complaint states and to constitute a slander *per se* and not a legitimate comment in an honest effort to extend its business. Motion for judgment on the pleadings denied, with ten dollars costs.