KATHLEEN PHELAN, Plaintiff, *v.* ALFRED RHEINSTEIN and Wife, Defendants.

City Court of New York, Bronx County, March 5, 1929.

*Putney, Twombly & Putney* and *Frederick R. Sanborn,* for the motion.

*Max H. Rose,* opposed.

DONNELLY, J. Motion to dismiss the amended complaint upon the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action.

The amended complaint sets forth four causes of action, all for alleged slanders, three against the defendant Alfred Rheinstein, and the fourth against his wife, the defendant Katherine Rheinstein.

The words spoken of in the first cause of action are not, in my opinion, actionable *per se.* To say of a married woman living continuously apart from her husband for more than one year, " she got a maternity corset," is not of itself an implication of plaintiff's pregnancy, and, therefore, immorality. It is widely known that maternity corsets, so called, are worn by unmarried women, and for reasons entirely disassociated from the interpretation claimed by the plaintiff. But it may be, according to the plaintiff's innuendo, that these words are ambiguous, and might give rise to a defamatory meaning. In these circumstances, the import of the words must be resolved by the jury. In *Demos* v. *New York Evening Journal Pub. Co.* (210 N. Y. 13, 18, 19) the court said: " While, therefore, it is not easy to perceive how the publication complained of could have had the defamatory effect upon the plaintiff's character and standing complained of, ne ertheless, as it cannot be said, as matter of law, that it was incapable of a defamatory meaning, the trial judge should have allowed the

jurors to decide whether it could be understood according to the meaning put by the plaintiff upon it by innuendo. Under the settled rule of law, if the language of the alleged libel is ambiguous and capable of an innocent, as well as of a disgraceful, meaning, the question becomes one for the jury to settle. (*Morrison* v. *Smith*, 177 N. Y. 366.) If the words used are capable, by construction, or in their connection and application, of the interpretation given by the innuendo, then a question of fact is raised for the jurors to consider. They should determine, in a case of doubtful meaning, whether the tenor and import of the publication are offensive and defamatory, and whether it could be so understood by the general public, or in the plaintiff's neighborhood. The mere improbability of the meaning claimed for it would not control the question of the right of the jury to pass upon it; the question would be, may the alleged libel be understood as the plaintiff claims."

In the second and third causes of action, the plaintiff alleges that she has pursued the occupation of nurse to children, and that she recently has been dependent upon it for a livelihood for herself and her child. She then alleges that while she was employed as a nurse by the defendants herein, the defendant Alfred Rheinstein, knowing that the plaintiff was dependent upon her earnings as a nurse, in the presence of divers persons, spoke the following words concerning plaintiff: " She is a rotten, filthy dog; she, that filthy louse, is not fit to live under the roof of anybody's house." And that, on another occasion, the defendant, in the presence of other persons, said to his wife: " Why, she is filthy, you should have kicked her out long ago." The plaintiff alleges that the words quoted charged her with being so unclean in her habits as to be unfit for employment as a nurse, and that the defendant, by the use of these words, intended to, and was understood by those persons who were present to, charge plaintiff with being so unclean in her habits as to be unfit for employment as a nurse. The *ad damnum* clauses of the second and third causes of action allege that by reason of the words quoted, plaintiff has had great difficulty in securing employment and has been compelled to accept employment at a wage much lower than she had previously been paid.

Words are slanderous *per se* which directly tend to the prejudice of any one in his office, profession, trade or business, or are an injurious imputation affecting his office, profession or business, or affect his standing, honesty and reliability in his business, in which cases no special damages are required to be alleged or proven. Whatever words have a tendency to hurt, or are calculated to prejudice, a man who seeks his livelihood by any trade or business, are actionable. In such cases the falsity of the words and resulting

damage are presumed. (*Edwards X-Ray Co.* v. *Ritter Dental Mfg. Co.*, 124 Misc. 898, and cases cited.)

In the fourth cause of action the plaintiff repeats the allegations contained in previous paragraphs of her complaint concerning her marriage, her chasteness, and her residence apart from her husband since July 9, 1927. She then alleges that her occupation is that of a nurse to children, and that she was so employed by the defendants from May 27, 1928, to November 19, 1928, and obtained such employment through the agency of one M. R. Baylies, who is in the business of securing nurses to children; that on the day she was discharged, namely, November 19, 1928, Mrs. Rheinstein, *in the presence of divers persons,* spoke over the telephone to the said M. R. Baylies, concerning the plaintiff, the following false and defamatory words: "She is filthy and we weren't going to keep her anyway." Plaintiff then continues: "That the words 'she is filthy,' etc., mean that plaintiff was so unclean in her habits as to merit dismissal from her position as nurse; that said defendant by the use of these words intended to charge and by those persons who heard her was understood to charge that plaintiff was so unclean in her habits as to merit dismissal from her position as nurse and was unfit for employment in such wise. * * * "

Plaintiff's allegation, in her complaint, that the words complained of were spoken of and concerning her "in the presence of divers persons," takes away and destroys the qualified privilege of the communication. (*Taylor* v. *Church,* 8 N. Y. 452, 460; *Morton* v. *Knipe,* 128 App. Div. 94, 98; *Bingham* v. *Gaynor,* 203 N. Y. 27, 32.) When the communication is not privileged, malice need not be proved. It will be inferred from the slanderous character of the imputations. (*Buddington* v. *Davis,* 6 How. Pr. 401, 403.)

Motion to dismiss is denied.