Aron Steuer, J.
The complaint consists of four causes of action in libel. The first three are based on three different articles which appeared in the Spanish language newspaper La Prensa. The fourth cause of action is against the United Press based on the same articles. Defendants move to dismiss the complaint and each cause of action separately on the ground that no cause of action is stated. The complaint sets forth the articles and the necessary formal allegations. No innuendo or special damage is pleaded.
The articles concern an incident whereby an aeroplane was charted to pick up an unnamed passenger in Hamilton, Bermuda and bring him to the Dominican Republic. The pilot upon arrival in Hamilton refused to go ahead with the charter expressing the fear that when the plane became airborne he would be forced to land in some other place. The individual plaintiff is described as the person who chartered the plane. The article refers to him as the New York representative of Samuel Diaz, son-in-law of Pinilla, ex-dictator of Colombia. It says that he is a Colombian citizen, 42 years old and headed Pan ex International (the corporate plaintiff) which “ closed *877 its doors after the downfall of the said ex-dictator.” It further says that the individual and the corporation were the agencies through which both the son and daughter of Pinilla conducted business. The article further states that after the downfall of Pinilla the activities of Panex stopped and the plaintiff ceased to be seen in Colombian commercial circles.
The second article contains further facts on the original story. The only mention of the individual plaintiff is that he gave the instructions to the pilot. The corporate plaintiff is not mentioned.
The third article largely repeats the first.
The articles are said to be libelous because they tend to injure the plaintiffs in their business. On this score the second article must be ruled out categorically because it contains no reference to either plaintiff’s business.
As to the other articles certain statements may come within the definitions given in some decisions but are not within the intendment of the language. To say that a man or a company was the representative of the business interests of the relatives of a South American dictator may conceivably hurt the business of the company. Some people may be deterred thereby from having business relations with him. But it is not libelous per self is not such a statement as would force the assumption that business would be lost because of the publication.
There is left for consideration the statements that upon the fall of the ex-dictator the corporation closed its doors and the individual ceased to be seen in Colombian business circles. The fair intendment of such language is that the corporation had ceased to do business and that the individual had ceased to engage in a certain field of business. A statement that a person or a corporation has ceased voluntarily to engage in business or a type of business is not necessarily libelous (Perley v. Morning Tel. Co., 131 App. Div. 599). But this is where the circumstances are unusual. Certainly a statement that a concern is out of business if believed, will absolutely prevent business from coming to them. Bankruptcy is not a disgrace nor does it imply incapacity or wrongdoing yet a charge of bankruptcy is universally regarded as libelous (De Seversky v. P. & S. Pub., 34 N. Y. S. 2d 284). While, as pointed out above, a charge in regard to a business which does not imply improper conduct falls short of libel per se even though possibly harmful, an absolute negation of the business existence is libelous without a charge that this came about through wrongful conduct,
As regards the individual the charge is otherwise. At most it can be said that he elected not to solicit certain business *878 contracts. Without ascribing this to a shameful cause it is not harmful in and of itself.
The motion is granted as to the individual plaintiff and as to the second cause of action of the corporate plaintiff and otherwise denied, with leave to plaintiffs to serve an amended complaint on or before March 10, 1959.