■ FOUR STAR STAGE LIGHTING, INC., et al., Respondents, v DAVID MERRICK et al., Appellants.—Orders, Supreme Court, New York County, entered September 17, 1976, denying defendants' motions for an order dismissing the complaint for failure to state a cause of action or staying this action pending the resolution of a prior proceeding, unanimously modified,

on the facts and in the exercise of discretion, by reversing so much thereof as denied the branches of the motions for a stay, and by granting those branches of the motions, and as modified, otherwise affirmed, without costs and disbursements. In determining whether a particular cause of action states a valid basis for relief, the averments in the cause must be viewed most favorably to the plaintiff. The gravamen of an action for abuse of process is willfully using legal process for a purpose not justified by law and to effect an object not within its proper scope (1 NY Jur, Abuse of Process, § 3, p 56). The first and second causes allege, *inter alia,* that defendants used the order of seizure in order to force plaintiffs into buying defendant Merrick's equipment at an unreasonable price. This allegation is sufficient to plead meritorious causes for abuse of process since it suggests that the defendants were using the order of seizure for an improper purpose. Subdivision 1 of section 487 of the Judiciary Law provides that an attorney is guilty of a misdemeanor and must pay treble damages in a civil action if he should deceive a court. To the extent that the third cause alleges that defendant Aslan deceived Justice Tyler by substituting a page in defendant Merrick's affidavit, it states a valid basis for relief. It is the general rule that words not actionable in themselves may become so by being spoken of persons engaged in a particular calling or profession. Thus, words are libelous if they affect a person in his profession, trade, or business, by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof (34 NY Jur, Libel and Slander, § 36, p 507). Defendant Aslan's letter to Mr. Papp would tend to indicate that plaintiffs were not entirely honest since they were in the process of leasing equipment which they had no right to do. Hence, the fourth and fifth causes state viable grounds for recovery based upon libel. With regard to the branches of the motions for a dismissal or a stay of the present proceeding based upon the prior pending action between Merrick, Four Star and De Verna, it should be emphasized that the parties and the causes in the two proceedings are not the same. Therefore, defendants' request for the dismissal of this proceeding must be rejected. However, a prompt trial of the prior action may well resolve many of the issues in the present proceeding. For that reason and to permit defendant Aslan to concentrate his energies as defendant Merrick's attorney in the prior proceeding, these branches of the motions will be granted to the extent of staying this proceeding until the final determination of the prior proceeding. Concur—Murphy, J. P., Lupiano, Nunez, Markewich and Lynch, JJ.