■ FRED GRIMALDI, Respondent, v ANTHONY SCHILLACI et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered September 1, 1983 in Albany County, which granted plaintiff's motion to dismiss defendants' second separate defense and denied defendants' cross motion to dismiss the complaint.

Defendant Anthony Schillaci is president of defendant Carbonic Sales, Inc., which had leased an ice machine to a restaurant called Remington's in the Town of Colonie, Albany County. After Remington's was purchased by plaintiff, Schillaci went to the restaurant to discuss the ice machine and an argument

between plaintiff and Schillaci ensued. Thereafter, by letter dated June 1, 1982, Schillaci, as president of Carbonic Sales, wrote to plaintiff concerning their meeting and the ice machine. The letter states:

"Over the 30 years I have been in the beverage business, I have found it impossible to do business with everyone for many reasons, overbearing arrogance being only one.

"At the meeting last Thursday you called me many names and ultimately discharged me from your premises. I neither replied or [sic] reacted to your name calling. I simply left the premises in a calm, unangered, and professional manner. I owe that to my father's counseling. He told me first, never argue with a fool because sometimes the spectators get confused with the issues, and second, never get mad, get even. Both good advice, wouldn't you say?

"For the very rude way you challenged my integrity regarding the ownership of the ice machine at Remington's, I would normally expect an apology, but that, of course, is not the purpose of this letter."

The letter continued by identifying the ice machine by various documentation and by informing plaintiff that unless the ice machine was made available for pickup at a specified time, the Sheriff would be enlisted to ensure its return, and that plaintiff was liable for any damage incurred. Copies of this letter were sent to two attorneys, plaintiff's landlord, three beverage distributors and a refrigeration company.

Plaintiff commenced this action alleging that the letter was libelous. Defendants answered and asserted, in their second separate defense, that the complaint failed to state a cause of action because no special damages were alleged. Plaintiff then moved to dismiss defendants' second separate defense and defendants cross-moved to dismiss the complaint. Special Term granted plaintiff's motion and denied defendants' cross motion concluding that the letter constituted libel per se. From the order entered therein, defendants appeal.

Considering the letter as a whole (see, e.g., *Julian v American Business Consultants,* 2 NY2d 1, 23), we agree with Special Term that the letter is reasonably susceptible of a defamatory meaning and it should be left to the jury to determine whether such meaning "was the sense in which the words were likely to be understood by the ordinary and average reader" (*Mencher v Chesley,* 297 NY 94, 100). Words are libelous without allegations of special damages "if they affect a person in his profession, trade, or business, by imputing to him any kind of fraud,

dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof" (*Four Star Stage Light. v Merrick,* 56 AD2d 767, 768; see *Russo v Padovano,* 84 AD2d 925, 925-926). The letter portrays plaintiff as a businessman who is not entirely honest because he attempted to maintain control of equipment to which he knew he had no right. Such imputation of dishonesty could affect plaintiff in his business and, thus, constitute libel per se.

We further reject defendants' argument that the letter, if defamatory, was protected by a qualified privilege. It does not appear that the letter was written under circumstances which would provide defendants with a qualified privilege as a matter of law (see, e.g., 35 NY Jur, Libel and Slander, §§ 93-94, 97, pp 11-13, 15-16) and this issue is best left for resolution by a jury. Accordingly, plaintiff's complaint is sufficient to withstand defendants' cross motion to dismiss and defendants' second separate defense was properly dismissed.

Order affirmed, with costs. Main, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to dismiss in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent. Words are libelous per se and are actionable without proof of special damages if they affect a person in his profession, trade or business by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof (*Four Star Stage Light. v Merrick,* 56 AD2d 767). It is for the court to decide in the first instance whether writings are susceptible to the particular defamatory meaning which a plaintiff ascribes to them. In doing so, a letter which contains a purported libel should be read as a whole, with the statements being construed together and measured by the effect they would have on the average reader (*James v Gannett Co.,* 40 NY2d 415, 419-420).

Read in that manner, we conclude that the letter in issue, though angry in its tone and intended to irritate and wound, represents nothing more than a minor disagreement over entitlement to an ice machine and a demand for its prompt surrender. The letter is not of such tenor as to meet the criteria for libel per se. Defendant's cross motion to dismiss the complaint should therefore have been granted.