■ VIRGINIA M. BOWES, Respondent, v MAGNA CONCEPTS, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County (Herman Cahn, J.), entered May 9, 1990, denying defendant Magna Concepts, Inc.'s motion to dismiss the complaint (CPLR 3211 [a] [1], [7]), unanimously reversed, on the law, without costs or disbursements, and the motion granted with leave to plaintiff, if she be so advised, to serve an amended complaint pleading special damages.

At issue in this defamation action involving the contents of a letter of retraction is the application of the "single instance" rule, which holds "that language charging a professional man with ignorance or mistake on a single occasion only and not accusing him of general ignorance or lack of skill cannot be considered defamatory on its face and so is not actionable unless special damages are pleaded" *(November v Time Inc.,* 13 NY2d 175, 178, citing *Foot v Brown,* 8 Johns 64, 68; *Twiggar v Ossining Print. & Publ. Co.,* 161 App Div 718).

The August 1988 issue of Gold Belt Wrestling contained an

article authored by plaintiff, as editor, which had asserted that High Chief Peter Maivia, a professional wrestler, had only one child, a daughter, thus impugning the claims of any wrestler posing as his son. The February 1989 issue of the same magazine reprinted a letter from Prince Peter Maivia, Jr., a professional wrestler, stating, apparently fraudulently, that he was the son of High Chief Peter Maivia and taking issue with the August 1988 article. Immediately following the Prince's letter appeared a retraction from the then-editor, defendant Frank Amato, who wrote: "Dear Prince Peter Maivia, Jr., Please accept my deepest and sincerest apology for what appeared in the August/88 edition. It is obvious that the previous Editor had her facts jumbled and failed to investigate those facts. We at GBW are extremely sorry for any embarrassment to you and the Maivia family."

Plaintiff thereafter commenced this action to recover $5,000,000 in compensatory and an additional $5,000,000 in punitive damages against Magna Concepts, Inc., the magazine's publisher, and Amato, alleging the statement that plaintiff "had her facts jumbled and failed to investigate those facts" to be false and defamatory and implying "that plaintiff was generally unskillful and ignorant in her profession." Magna's motion to dismiss on the ground of failure to state a cause of action was denied in a decision in which the court, in pertinent part, held: "The fact that only a single occasion of neglect of duties may be implied from the statement does not render the complaint insufficient as a matter of law. * * * [T]he challenged pleading is sufficient without pleading special damages inasmuch as the alleged libel directly blames plaintiff for incompetence in her profession and suggests that she is responsible for recklessly defaming another person on the issue of his paternity." We reverse.

The general rule is that words tending to disparage a person in his or her office, profession or trade are libelous per se. *(Matherson v Marchello*, 100 AD2d 233, 236.) However, under the "single instance" exception to this rule, a statement charging another with a single dereliction in connection with his or her trade, occupation or profession does not necessarily charge that party with general incompetence, ignorance or lack of skill and is not deemed actionable unless special damages are pleaded and shown. *(November v Time Inc., supra; D'Agrosa v Newsday, Inc.,* 158 AD2d 229, 237; *see generally,* 43 NY Jur 2d, Defamation and Privacy, § 29.) Since the language complained of here implies merely that plaintiff was careless in one particular instance in a statement she

made in a magazine article and is not broad enough to charge plaintiff with general incompetence or lack of skill, an allegation of special damages is a necessary ingredient of plaintiff's cause of action. Plaintiff's general allegations of damages do not meet the requisite standard for pleading special damages. *(See, Matherson v Marchello, supra,* at 235.) Since our review of the record indicates that plaintiff may be able to overcome the deficiencies in her complaint, we grant leave to amend.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.