**Jesse WACHTEL, Plaintiff,**

v.

**Karl STORM, Defendant.**

**No. 92 Civ. 1800 (MBM).**

United States District Court, S.D. New York.

Aug. 20, 1992.

Judd Burstein, New York City, for plaintiff.

Denise H. Sher, Stanley S. Hausen, Mineola, N.Y., for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

In this diversity action, plaintiff, Jesse Wachtel, sues defendant, Karl Storm, for defamation. Defendant moves to dismiss the action for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendant's motion is denied.

## I.

Plaintiff, a citizen of Florida, "is a giant in the women's shoe business." (Compl. ¶ 4) The founder of Intershoe, Inc., plaintiff has created several internationally famous brands of women's shoes including Nickels, Jazz, Paloma, Via Spiga, Glacee and Studio Paolo. Under plaintiff's direction Intershoe "was so successful that, in 1987, one of it's divisions was named Footwear News Magazine's Importer of the Year." (*Id.*) After selling his majority interest in Intershoe, plaintiff assumed his current position as President of Signature Shoes, Ltd., which imports women's shoes from Spain and Italy.

In 1990, defendant, a citizen of Pennsylvania, sold his family's retail shoe business to plaintiff who operated it under the corporate name Storm's Inc. In January 1992, Storm's Inc. filed for bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code. The March 2, 1992 issue of Footwear News, a shoe industry trade publication, carried the following letter to the editor:

Just to set the record straight, I want to be sure that all my friends and associates in the shoe industry understand that Storm's Inc. and Storm Shoes Inc. were two entirely different companies. Storm Shoes Inc., Wilmington Del., existed from 1933 to Jan. 31, 1990. At that time, I sold my family's eight store chain to Jesse Wachtel of Intershoe, M & N and Bellini fame.

Storm's Inc., now bankrupt and closed, consisted of my former stores plus 10 or so Head Over Heels outlet stores that Wachtel had operated. During the 18 or so months Storm's Inc. existed, the Storm's stores continued to contribute operating profit while the remaining Head Over Heels stores (eight of the 10 were closed in 1991), under the buying and supervision of Katie Wachtel, continued to operate at a tremendous loss. (Katie Wachtel is Jesse Wachtel's daughter.) These losses, coupled with outrageous overhead and unrelated business expenses, are what led to the bankruptcy.

The fact that a sale could have been completed in November 1991, saving the original Storm's core operation, only adds insult to injury.

I say farewell to all my family's friends and associates throughout the country. There's a big void in Delaware for a service shoe operation—someone should pick up the stores, especially since Mr. Wachtel is out of the picture.

Remember the Storm family isn't responsible for a dime owed to any of you. Farewell and good luck to the independent shoe retailers left.

> Sincerely,
> Karl Storm
> Former President
> Storm Shoes, Inc.

(Compl. Exh. A)

Plaintiff alleges that several statements contained in the letter are false, were made with knowledge of their falsity, and have damaged plaintiff in the pursuit of his trade. (Compl. ¶¶ 9, 10, 11) Plaintiff seeks $1 million in damages. (Compl. ¶ 11)

## II.

■ A diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Defendant acknowledges that he mailed the letter to Footwear News's offices in this District and that the letter was published here. (Hausen Aff. ¶ 2) Because these events are crucial to plaintiff's cause of action for defamation, *Ostrowe v. Lee*, 256 N.Y. 36, 175 N.E. 505 (1931), venue in the Southern District of New York is proper under § 1391(a)(2). *Generale Bank, New York Branch v. Wassel*, 779 F.Supp. 310, 316 (S.D.N.Y.1991).

## III.

Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the complaint fails to allege (1) defamatory statements, and (2) malice.

■ A statement is libelous if it injures a person's ability to pursue his livelihood by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise of his profession or trade. *Four Star Stage Lighting, Inc. v. Merrick*, 56 A.D.2d 767, 392 N.Y.S.2d 297, 298 (1st Dept.1977). Defendant's letter which states, *inter alia*, that "outrageous overhead and unrelated business expenses" contributed to the bankruptcy of Storm's Inc., may be read to impugn plaintiff's honesty, fitness to manage a retail shoe operation and ability to pursue his trade. Plaintiff, therefore, has alleged that the letter is defamatory.

Defendant next argues that the statements made in the letter were opinions and, therefore, privileged. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–340, 94 S.Ct. 2997, 3006–07, 41 L.Ed.2d 789 (1974). The letter, however, includes statements that an "ordinary reader" may conclude are factual. *See Buckley v. Littell*, 539 F.2d 882, 893 (2d Cir.1976), *cert. denied*, 429 U.S. 1062, 97 S.Ct. 786, 50 L.Ed.2d 777 (1977). For instance, the statement that Storm's Inc. failed in part because of "outrageous overhead and unrelated business expenses" suggests to the reader that such overhead and expenses actually were incurred, that they were incurred because of dishonesty—by running up costs not properly associated with the business, or properly associated only with an unrelated business—or at least mismanagement, and that they contributed to the bankruptcy of Storm's Inc. Because these statements are factual propositions which are objectively capable of being proved true or false, they are not privileged as opinions. *See Mr. Chow of New York v. Ste. Jour Azur S.A.*, 759 F.2d 219 (2d Cir.1985).

■ Finally, defendant argues that plaintiff has failed to allege malice. For the purposes of this motion, plaintiff does not contest that he is a public figure and, as a result, must allege that any false statements of fact were made with actual malice. *Gertz*, 418 U.S. at 336 n. 7, 94 S.Ct. at 3005 n. 7. In a libel action, malice is defined as making a statement "with knowledge that it is false or with reckless disregard whether it [is] false or not." *New*

*York Times Company v. Sullivan,* 376 U.S. 254, 279–280, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964). By alleging that when defendant made the statements he knew them to be false (Compl. ¶ 10), plaintiff satisfied the malice requirement set forth in *Sullivan* and *Gertz. Id.; see Church of Scientology Intl. v. Eli Lilly & Co.,* 778 F.Supp. 661, 666 (S.D.N.Y.1991).

A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if "it appears beyond doubt that the [party] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Thus, although it appears from this complaint that the likelihood plaintiff will prevail stands in inverse proportion to his self-announced stature in the women's shoe industry, defendant's motion, nevertheless, must be denied.

SO ORDERED.