■ JOHN LANGENBACHER CO., INC., et al., Respondents-Appellants, v SIMONE TOLKSDORF et al., as Corepresentatives of the Estate of KURT TOLKSDORF, Deceased, Appellants-Respondents. [605 NYS2d 34] —Order and judgment (one paper), Supreme Court, Bronx County (Barry Salman, J.; Herbert Shapiro, J., at trial), entered May 1, 1993, after a non-jury trial, which adjudged, *inter alia*, that plaintiff John Langenbacher Co., Inc. recover from defendants the sum of $350,000 with interest from January 1, 1984, and that plaintiff U.S. Veneer Co., Inc. recover the sum of $450,000 with interest from January 1, 1985, and awarded no other relief on the remaining causes of action, unanimously affirmed, with costs to plaintiff.

The complaint sufficiently set forth the words upon which the claims were based, which need not be in quotations *(see, Taub v Amana Imports*, 140 AD2d 687, 689). Further, "[o]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" *(Claridge Gardens v Menotti*, 160 AD2d 544, 544-545). Here, the evidence supported the court's finding that the decedent was spreading the word among architects, contractors and others in the business that after his departure from Langenbacher, the company would have financial problems, be operated by incompetents, and would be unable to fulfill its

commitments as to quality and time. The award of general damages was not excessive and the court properly found that, as the disparagement impugned the basic integrity, creditworthiness and competence of the business, injury was presumed and no proof of special damages was required (see, Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670).

Contrary to defendant's contention, the record is barren of any evidence tending to establish that plaintiffs' affiliation constituted a restraint of trade in violation of General Business Law § 340. Further, the scope of the non-competition agreement executed by the decedent, a former owner in connection with the sale of his interest in the business was reasonable (see, Purchasing Assocs. v Weitz, 13 NY2d 267, 271-272).

We have considered the parties' remaining claims and find them without merit. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.