**KFORCE, INC., Plaintiff,**

v.

**ALDEN PERSONNEL, INC., Alden Associates, Inc., and Baret Upham, Defendants.**

**No. 03 Civ.4152 RWS.**

United States District Court, S.D. New York.

Oct. 23, 2003.

Holland & Knight, New York, NY (Frederick D. Brais, Timothy M. Singhel, Howard Sokol, of counsel), for Plaintiff.

Winget, Spadafora & Schwartzberg, New York, NY (Matthew Tracy, Luigi Spadafora, David Butler, of counsel), for Defendants.

## OPINION

SWEET, District Judge.

The defendants Alden Personnel, Inc., Alden Associates, Inc., and Baret Upham (collectively, the "Defendants"), have moved to dismiss the complaint of plaintiff Kforce, Inc., ("Kforce") for failure to state a cause of action upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Defendants' motion is granted.

### Prior Proceedings

On January 6, 2001, Kforce commenced this action for compensatory and punitive damages for alleged defamatory harm to Kforce's business reputation and a violation of New York's General Business Law ("GBL") and Connecticut's Unfair Trade Practices Act ("CUTPA"). On July 17, 2003, the Alden Defendants filed a notice of motion to dismiss. This motion was marked fully submitted on September 3, 2003.

### The Parties

According to the complaint, Kforce is a Florida corporation, with its principal offices in Tampa, Florida. (Compl.¶ 2.) It operates an Information Technologies ("IT") staffing services business in Westchester County, New York, and Fairfield County, Connecticut regions. (Compl.¶¶ 4, 5.)

Defendants Alden Personnel, Inc. and Alden Associates, Inc., New York corporations, are business competitors of Kforce in IT staffing services in the White Plains, New York and Fairfield County, Connecticut markets. (Compl.¶¶ 6, 9, 12.) Defendant Baret Upham is an employee of the

Alden Defendants and performs staffing work in these markets. (Compl.¶ 13.)

### The Complaint

According to the complaint, on or about May 12, 2003, Defendant Upham published an e-mail sent to business contacts of the Defendants, stating, "Better news is that we have lost lots of competition in the local market with Robert Half and Kforce basically closing their IT divisions in the area." (Compl. ¶¶ 16, 17, Exhibit A.) The complaint alleges that the Defendants knew this statement was false and that the e-mail was part of a general attempt to harm Kforce's business reputation by impugning Kforce's ability to conduct business in these markets. (Compl.¶¶ 22, 23.)

Kforce alleges ongoing harm to its reputation and business and states that the Alden Defendants have misled consumers into believing that Kforce has closed its business in the relevant market. (Compl.¶¶ 29, 36, 38, 41, 43, 44.)

Kforce brings claims against the Alden Defendants for:

1) defamation *per se* (Compl.¶ 28.)

2) misrepresentation to the public of Kforce's business reputation and continued presence in the relevant markets in violation of New York's General Business Law § 349 (Compl.¶ 34.)

3) misrepresentation to the public of Kforce's business reputation and continued presence in the relevant markets in violation of the Connecticut Unfair Trade Practices Act (Compl.¶ 41.)

### The Rule 12(b)(6) Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court should construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable infer-

ences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (*citing Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 235–236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000).

### I. Kforce Does Not Establish Defamation Per Se

■■■ Under New York law, the plaintiff must establish four elements in order to prevail on a defamation claim: (1) a false and defamatory statement of fact; (2) regarding the plaintiff; (3) published to a third party by the defendant; and (4) resulting in injury to the plaintiff. *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 25745, at *4 (S.D.N.Y. Jan.10, 2001) *citing Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 61 (2d Cir.1993). In addition, the plaintiff must plead special damages unless the defamation falls into one of the categories of defamation *per se*. *Id.* Here, Kforce alleges that the e-mail constituted defamation *per se*, and, therefore, there is no need to plead special damages.

■■■ Defamation *per se* has been defined both as statements that cast doubt on a particular quality at the very heart of a profession and statements that impugn the basic integrity of a business. Thus, "a writing which *tends* to disparage a person in the way of his office, profession or trade" is defamatory *per se* and does not require proof of special damages. *Davis v.*

*Ross*, 754 F.2d 80, 82 (2d Cir.1985) (emphasis in original) (*quoting Nichols v. Item Publishers*, 309 N.Y. 596, 602, 132 N.E.2d 860, 862 (1956)). Additionally, "[w]here a statement impugns the basic integrity or creditworthiness of a business, an action for defamation lies and injury is conclusively presumed." *Ruder & Finn Inc. v. Seaboard Surety Co.*, 52 N.Y.2d 663, 439 N.Y.S.2d 858, 422 N.E.2d 518, 522 (1981). *See also Langenbacher Co. v. Tolksdorf*, 199 A.D.2d 64, 65, 605 N.Y.S.2d 34 (1st Dep't 1993) (statements that impugn "the basic integrity, creditworthiness and competence of the business" are defamatory *per se* ); *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163 (2d Cir.2000).

■■■ The more specific category of defamation *per se* does not encompass general competitive language among rival businesses. Rather, statements must allege a link between a particular profession and a particular disreputable vice of that profession. The words must "tend to injure ... in [the professional] capacity." *November v. Time Inc.*, 13 N.Y.2d 175, 178, 244 N.Y.S.2d 309, 194 N.E.2d 126, 128 (1963). *See also Bowes v. Magna Concepts, Inc.*, 166 A.D.2d 347, 349, 561 N.Y.S.2d 16 (1st Dep't 1990) (same); *Yesner v. Spinner*, 765 F.Supp. 48, 52 (E.D.N.Y.1991) ("It has long been the law in New York that a defamatory statement that is a direct attack upon the business, trade or profession of the plaintiff is considered defamation 'per se,' and therefore actionable without any proof of special damages."). As explained in *Prosser and Keeton on the Law of Torts* § 112, at 791 (5th ed.1984):

[I]t is actionable without proof of damage to say of a physician that he is a butcher ..., of an attorney that he is a shyster, of a school teacher that he has been guilty of improper conduct as to his pupils, of a clergyman that he is the subject of scandalous rumors, of a chauf-

feur that he is habitually drinking, of a merchant that his credit is bad or that he sells adulterated goods, of a public officer that he has accepted a bribe or has used his office for corrupt purposes . . .—since these things discredit [one] in his chosen calling.

This type of defamation is inapplicable here since a claim of unprofitability or lack of success in a particular geographic area is not "incompatible with the proper conduct of the business, trade or profession or office itself." *Dellefave,* 2001 WL 25745, at *4 (*quoting Liberman v. Gelstein,* 80 N.Y.2d 429, 436, 590 N.Y.S.2d 857, 861, 605 N.E.2d 344 (1992)).

■ The broader category of defamation *per se* includes statements that impugn the "basic integrity" and "competence" of a business. The statement must be more than a remark on the business's ability to make a profit or remain in business in a particular field or geographical area. In *Robert J. McRell Assocs., Inc. v. Ins. Co. of N. America,* 677 F.Supp. 721 (S.D.N.Y.1987), a statement that the plaintiff had suffered "adverse losses" in its business was held not to be defamation *per se.*

> Words are libelous without allegations of special damages "if they affect a person in his profession, trade, or business, by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof." (*quoting Grimaldi v. Schillaci,* 106 A.D.2d 728, 730, 484 N.Y.S.2d 159, 161 (3d Dep't 1984); *Four Star Stage Lighting v. Merrick,* 56 A.D.2d 767, 768, 392 N.Y.S.2d 297 (1st Dep't 1977)). A statement as to . . . unprofitability . . . fails to impute any of the above-mentioned characteristics.

*Id.* at 730.

■ Here, the Defendants' statement did not extend to Kforce's entire business

existence and did not impugn Kforce's integrity or competence with allegations of fraud or lack of creditworthiness. At most, it was a comment on Kforce's profitability in a particular geographic region.

Whether statements that allege a business's closing are defamatory *per se* has been addressed and decided in the negative in past cases. In *Medina v. United Press Ass'ns,* 16 Misc.2d 876, 877–78, 185 N.Y.S.2d 366 (1959), the statement that the plaintiff had "closed its doors and the individual ceased to be seen in . . . business circles" was held not to be defamatory *per se,* as it was a statement that "the individual had ceased to engage in a certain field of business. . . . At most it can be said that he elected not to solicit certain business contacts. Without ascribing this to a shameful cause it is not harmful in and of itself." The court distinguished a statement such as this with one charging bankruptcy, which would be libelous *per se* as "an absolute negation of the business existence." *Id.* at 876, 185 N.Y.S.2d 366.

In *Perley v. Morning Telegraph Co.,* 131 A.D. 599, 602, 116 N.Y.S. 57, 59–60, (N.Y.App.Div. 1st Dept.1909), the defendant was charged with defamation for writing an article stating that the plaintiff's shows had closed because they were unsuccessful. The court held, "There was nothing in this statement that directly tended to injure the plaintiff in respect to his business, or which impaired confidence in his character or ability. The fact that a business enterprise of any character has not been successful does not directly tend to injure the party conducting the enterprise." *Id.*

The case cited by Kforce are distinguishable from the instant case. In *Edwards X–Ray Co. v. Ritter Dental Mfg. Co.,* 124 Misc. 898, 900, 210 N.Y.S. 299, 302

518

(1925), the defendant was charged with falsely stating that the plaintiff "was about to sell its entire business ... and leave the field as a manufacturer and seller of X-ray machines." The court found that, as the purpose of the law is to protect the "advantage and opportunity to exist and prosper," "where such statements are of such a character that it can be seen that they would reasonably impair or affect that advantage and opportunity, they are actionable *per se.*" *Id.* at 899, 210 N.Y.S. 299. Statements are thus judged according to whether they affect the ability of a business to "exist and prosper," and a less well-established corporation would be more susceptible to harm from a competitor's remarks, enabling the court to assume damages without proof of special damages. However, the words, if spoken about "a well-established corporation, would have little effect, depending, of course, upon its circulation." *Id.* at 900, 210 N.Y.S. 299. To this end, a statement must be considered in its context. Kforce employs over 1,000 recruiting specialists operating in more than 40 markets nationwide. Under the circumstances, damages to Kforce cannot be assumed.

*Fashion Boutique of Short Hills, Inc., v. Fendi USA, Inc.,* No. 91 Civ. 4544, 1998 WL 259942 (S.D.N.Y. May 21, 1998) involved the type of circumstances which the *Edwards* court imagined. The defendant was a well-established corporation charged with making numerous statements to its customers that plaintiff's store would be "closing shortly," that the " 'Fendi organization' was planning to shut down plaintiff's store 'in the near future,' " and that "there was 'no guarantee' that [the customer] was buying 'real' Fendi merchandise at plaintiff's store since plaintiff sold 'bogus' Fendi merchandise." *Id.* at *1. Unlike in the instant case, these statements directly attached the plaintiff's integrity and the business's ability to "exist

and prosper" by making accusations that it sold fake merchandise. In addition, the defendant held a position of trust with its customers and defendant's statements carried great weight as it was the main Fendi organization, enabling the court to assume damages. Here, Defendants have not impugned the integrity of Kforce nor threatened its ability to "exist and prosper." The statement is at most an allegation of unprofitability in a particular geographic area. Thus, Kforce's claim for defamation *per se* must be dismissed.

## II. Kforce Does Not Establish a Violation of New York's General Business Law § 349

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." As stated in *Genesco Entm't, a Div. of Lymutt Indus., Inc. v. Koch,* 593 F.Supp. 743, 751, (S.D.N.Y.1984), "The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising.... Private transactions ... without ramifications for the public at large are not a proper subject of Commission inquiry." For instance, the Second Circuit found a violation of GBL § 34 in *Securitron Magnalock Corp. v. Schnabolk,* 65 F.3d 256 (2d Cir.1995), where false claims of the potential dangerousness of a competitor's product in fire situations directly implicated a public interest as the Commission had to divert resources to do unnecessary investigations.

In the present case, Kforce argues that the harm to the public interest lies in the deprivation of consumer choice since Defendant's statement would be likely to make consumers believe that their only

option in the field was Defendants' business. However, *Something Old, Something New, Inc. v. QVC, Inc.*, No. 98 Civ. 7450, 1999 WL 1125063, at *12 (S.D.N.Y. Dec.08, 1999), held that "[a] deliberate effort by one competitor to destroy the other's business is not considered a harm to the public interest.... Even if plaintiffs lost sales to [the defendant], the public still received its [product]." Likewise, in *Fashion Boutique*, the court found that "the gravamen of the ... claim is harm to the store, not harm to its customers, nor harm to the public at large ... [T]he alleged harm to the plaintiff's business far outweighs any incidental harm to the public at large." *Fashion Boutique*, 1992 WL 170559, at *4. Due to the incidental nature of any alleged harm to the public and prior holdings that as long as the public receives the product or service, a loss of business by the plaintiff is not considered a public harm, Defendants' motion for summary judgment on the GBL § 349 claim is granted.

### III. *Kforce Does Not Establish a Violation of the Connecticut Unfair Trade Practices Act*

CUTPA § 42–110b(a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In considering a CUTPA claim, the Court must determine whether the defendant's conduct: (i) offends public policy as it has been established by statutes, the common law, or otherwise; (ii) is immoral, unethical, oppressive, or unscrupulous; or (iii) causes substantial injury to consumers or other businesses. *Wallingford Shopping, L.L.C. v. Lowe's Home Centers, Inc.*, 171 F.Supp.2d 152, 153 (S.D.N.Y.2001) (*citing Omega Eng'g v. Eastman Kodak Co.*, 30 F.Supp.2d 226 (D.Conn.1998)).

In addition, the pleading of an ascertainable loss "is a threshold barrier which limits the class of persons who may bring a CUTPA action." *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 615, 440 A.2d 810, 815 (1981). *See also Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232 (2d Cir.1998). Here, Kforce is precluded from bringing a CUTPA claim because it has not met this initial requirement of "ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42–110b." Conn. Gen.Stat. Ann. § 42–110g(a).

### Conclusion

For the reasons set forth, Defendant's motion to dismiss the complaint is granted with leave to file an amended complaint within twenty (20) days.

It is so ordered.